HILL *v.* GULF, MOBILE & OHIO RAILROAD COMPANY.

No. 41148          May 2, 1960          120 So. 2d 157

*Ramsey, Ramsey & Bodron,* Vicksburg; *J. Hoy Hathorn,* Louisville, for appellant.

*Livingston & Fair,* Louisville, for appellee.

McGEHEE, C. J.

In the early morning of September 21, 1956, about 12:20 A. M., the appellant James E. Hill was assaulted and knocked unconscious by a fellow-employee, B. L. Pearson, and he brought this suit for damages against the appellee Gulf, Mobile & Ohio Railroad Company under the Federal Employers Liability Act, 45 U. S. C. A., Sections 51 et seq. There was a peremptory instruction granted in favor of the defendant Railroad Company by the trial court at the close of the testimony on behalf of the plaintiff, and he has prosecuted this appeal.

The suit is predicated upon the theory, First, that the Railroad Company was guilty of direct negligence in employing or retaining in its service, the said B. L. Pearson, with notice that he was a dangerous, quarrelsome

and vicious employee, and likely to assault a fellow-employee; and, Second, under the doctrine of respondent superior in that at the time of the assault the plaintiff was engaged in interstate commerce, and in furtherance of such interstate commerce on behalf of the appellee Railroad Company.

It appears that the appellant James E. Hill had been working as a switchman or brakeman for the appellee Railroad Company and that he went off duty at about 11:10 to 11:20 o'clock on the night of September 20, 1956, and that he had no further duties thereafter on that date with the Railroad Company; that he then went to his boardinghouse to take a bath, dress and then go to a downtown cafe to eat his late evening meal; that while at the boardinghouse the said B. L. Pearson came and started a quarrel with him in regard to the plaintiff's interpretation of the rules as to whether or not Pearson or L. C. Clegg was entitled to work the next day; that under an agreement between the Brotherhood of Railway Trainmen, of which the appellant James E. Hill was the local chairman, the said L. C. Clegg could not be "rolled for his job until he had worked for a period of six days", and that the said L. C. Clegg had then only worked four of said days.

It further appears that the appellant asked B. L. Pearson to leave the boardinghouse, on account of the disturbance that he had raised, and that then the appellant took his bath, dressed and went to the downtown cafe for a meal, as aforesaid; that while in the cafe the said B. L. Pearson again appeared on the scene and continued to contend that he was entitled to "roll" L. C. Clegg for his job on the next morning. The appellant was unable to agree with Pearson as to his contention but finally agreed to go to the depot with Pearson, upon the insistence of the latter, in order that Pearson might put in a long distance call for the state chairman of the Brotherhood of Railway Trainmen at Meridian, Mississippi; that he was unable to complete the call, and finally the appel-

lant stated to him that "I have been working for fourteen hours, I am tired and worn out, and I am going home and rest" but agreed to discuss the matter further the next morning; and that as the appellant left the depot to go home the said B. L. Pearson overtook him in the dark and knocked him unconscious with some instrument and the next thing the appellant knew he was in the hospital.

The Division Superintendent of the Railroad testified that neither the appellant nor Pearson had the right to enter the depot at the time they went or to put in this long distance telephone call at the expense of the Railroad. The proof further disclosed that only members of the office force had the right to place long distance calls in the depot, and the office force had closed the office for the night at the time the appellant and Pearson went there for the purpose of permitting Pearson to make this call.

The proof disclosed that the appellant was representing the Brotherhood of Railway Trainmen, as local chairman, and not the Railroad Company, at the time he agreed to go to the depot with Pearson to permit the latter to place the telephone call to the state chairman at Meridian to ascertain from the state chairman his interpretation of the rules of the Company as to whether or not Pearson, instead of L. C. Clegg, was entitled to the job which Clegg had been holding for only four days at that time.

We have concluded that while the appellant was undertaking to assist Pearson in his efforts to get the interpretation of the state chairman as to whether Pearson or Clegg was entitled to work the next day, he went to the depot with Pearson as chairman of the local Brotherhood of Railway Trainmen and not on any business for the Railroad Company; that he had been off duty for about an hour or an hour and a half at the time he was assaulted by Pearson and was not engaged in interstate commerce, or in the furtherance of interstate

commerce, as an employee of the Railroad Company at the time of the assault. He testified that he had no authority "in the matter of placing" an employee in a job under such circumstances.

In view of this conclusion, we think it immaterial that the testimony was in conflict as to whether or not the Railroad Company was negligent in employing, or retaining in its employ, the said B. L. Pearson, with notice of his temperament and characteristics in having previously assaulted a fellow-employee.

There was proof that about the year 1942 the said B. L. Pearson had had a controversy with one J. W. Garner, when the appellant James E. Hill was present, and that Pearson "grabbed" the appellant, and that thereupon the appellant informed him that he was not involved in the matter. No assault was made upon Garner and no investigation was necessary because of any alleged assault; that a few years thereafter the said B. L. Pearson assaulted one O. R. Smith, a fellow-employee, and that the Railroad Company had an informal investigation, since no written charges had been filed against Pearson by Smith as required by the rules of the Company, and that the Railroad Company, after going over the matter with both Smith and Pearson, had reached the conclusion that both of the parties were at fault in the matter, and they shook hands and "made friends" and both went back to work. There was testimony that the Railroad Company had not been disposed to rigidly enforce its rule as to altercations between employees due to the fact that the employee at fault had a family to support and they did not want him to lose his job.

Again, when Pearson assaulted the appellant on the early morning of September 21, 1956, the Railroad Company did investigate the matter and fired Pearson on the next day. At the time of the assault by Pearson upon the appellant, the said Pearson had not been at work on that day or during the three or four days prior thereto, and was not engaged in any work for the Railroad

Company at the time. Neither was the appellant engaged in any business in interstate commerce for the Railroad Company at the time he was assaulted by Pearson.

In the case of James O. Wallace v. St. Louis-San Francisco Railway Company, Cause No. 41,341, in which the decision was rendered April 25, 1960, and not yet reported, and reference to which is herein made, the opinion of the Court discussed and distinguished many of the cases now relied upon by the appellant on the instant appeal, and while the opinion on the facts of that case are not the same as those involved in the instant case, the opinion of the Court in the Wallace case is very persuasive on the questions involved. In that case the trial court gave a peremptory instruction in favor of the defendant Railroad Company and we affirmed the action of the trial court in that regard.

It is true that under the Federal Employers Liability Act the courts have repeatedly held that an injury sustained by an employee is compensable when his injury is sustained in the scope of his employment, while going to and from his place of work, and in cases where the railroad company has furnished the facilities and sleeping quarters for the employees and one of them is injured on the premises of the railroad company when he is subject to call for service, we think that all of these cases are distinguishable from the case at bar, and that none of the cases relied on by the appellant are controlling in the case now before us.

We think that under the facts of this case, and under the decisions cited by the appellant and also by the appellee in the instant case, the action of the trial court in granting the peremptory instruction in favor of the appellee was correct, and that the action of the trial court in that behalf should be affirmed.

Affirmed.

*Hall, Lee, Ethridge* and *Gillespie, JJ.*, concur.