**Pamela M. FOWLER, etc., et al.,
Plaintiffs-Appellants,**

v.

**SEABOARD COASTLINE RAILROAD
CO., et al., Defendants-Appellees.**

No. 80–7384
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 23, 1981.

Jessee, Ritchie & Duncan, Jeffrey L. Sakas, Atlanta, Ga., for plaintiffs-appellants.

Joseph M. Feuer, Terry P. McKenna, William B. Brown, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge.

This case involves an interpretation of coverage under the 1939 amendment to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq.[1] We hold that coverage does not extend to activities under-

---

1. 45 U.S.C. § 51:

Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

taken by an employee for a private purpose and having no causal relationship to his employment and affirm the grant of summary judgment to defendant.

Dennis LaVerne Fowler, an employee of Louisville & Nashville Railroad Co. (L&N) and Seaboard Coastline Railroad Co. (SCL), both known as The Family Lines System, sustained fatal injuries during work hours on an enforced paid lunch break and on employer's property. After finishing lunch, Fowler and another employee went outside to examine a motorcycle which Fowler had purchased. Each in turn rode it down the road and back across a bridge to the parking lot. As Fowler was returning from his ride and approaching the bridge at an approximate speed of sixty miles per hour, the motorcycle fishtailed and he failed to negotiate the curve onto the bridge. Fowler was thrown and fatally injured. Appellants, widow and children of the deceased, filed suit under the Federal Employers' Liability Act (FELA), claiming that the injuries resulted from the negligence of defendants in improperly constructing and maintaining the bridge on which the accident occurred.

■ To recover under FELA, a plaintiff must prove: (1) that defendants are common carriers by railroad engaged in interstate commerce; (2) that the injured was employed by the defendant with duties furthering such commerce; (3) that the injuries were sustained while claimant was so employed; and (4) that the injuries were the result of negligence of defendant company. 45 U.S.C. § 51.

Here satisfaction of the first two elements is not questioned. At issue, however, is the third factor: whether Fowler was performing his duties or engaged in activities incident thereto at the time of injury so as to be covered by the Act.

Prior to 1939, 45 U.S.C. § 51 provided in pertinent part:

Every common carrier by railroad while *engaging in commerce between any of the several states* or Territories ... shall be liable in damages to any person suffering injury *while he is employed by such carrier in such commerce* ... for such injury or death resulting in whole or in part from the negligence of any of its officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its ... works ... or other equipment. Apr. 22, 1908, c. 149, § 1, 35 Stat. 65 (emphasis added).

Recovery was precluded unless plaintiff was "at the time of injury engaged in interstate transportation, or work so closely related to it as to be practically a part of it." *Shanks v. Delaware, L&W R. Co.,* 239 U.S. 556, 36 S.C. 188, 60 L.Ed. 436 (1916).

The *Shanks* "moment of injury" rule and the attendant uncertainty which it engendered[2] prompted Congress in 1939 to amend the Act, making coverage dependent upon the general duties of the employee rather than specific activity at the "moment of injury." As amended, the Act provides in pertinent part:

Any employee of a carrier, any part of whose duties as such employee shall be in furtherance of interstate or foreign commerce, or shall, in any way directly or closely and substantially affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter. Aug. 11, 1939, c. 685, § 1, 53 Stat. 1404.

The Supreme Court interpreted the amendment in *Reed v. Pennsylvania,* 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366 (1956). The Court explained:

Nor are the benefits of the Act limited to those exposed to special hazards of the railroad industry. The Act has not been so interpreted, and the 1939 amendment specifically affords protection to "any employee" whose duties bring him within that amendment.... Although the amendment may have been prompted by

---

2. For example, application to employees whose duties routinely involved both interstate and intrastate commerce produced enormous problems.

a specific desire to obviate courtmade rules limiting coverage, the language used goes far beyond that narrow objective. It evinces a purpose to expand coverage substantially as well as to avoid narrow distinctions in deciding questions of coverage. Under the amendment, it is the "duties" of the employee that must further or affect commerce, and it is enough if "any part" of those duties has the requisite effect.

*Id.* at 505–506, 76 S.Ct. at 961. *See also Southern Pacific Co. v. Gileo*, 351 U.S. 493, 76 S.Ct. 952, 100 L.Ed. 1357 (1956). Thus, although the 1939 amendment expanded the coverage from the narrow "moment of injury" *Shanks* rule, the extent of the expanded coverage now confronts us.

Recovery has been permitted if the injury occurred "within the scope of employment." *Sowards v. Chesapeake & Ohio Railway Co.*, 580 F.2d 713 (4th Cir. 1978). Scope of employment has been interpreted to encompass acts incidental to the employment as well as the actual work. *See Erie Railroad Co. v. Winfield*, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057 (1917) (employee injured while leaving rail yard after work held within the scope of employment); *Metropolitan Coal Co. v. Johnson*, 265 F.2d 173 (1st Cir. 1959) (employee riding a passenger train of employer to his job as a freight train flagman held outside the scope of employment); *Quirk v. New York, C. & St. L. R. Co.*, 189 F.2d 97 (7th Cir. 1951) (employee en route home not within scope of employment); *Morris v. Pennsylvania Railroad Co.*, 187 F.2d 837 (1st Cir. 1951) (employee killed at place of employment shortly before he was to report to work held within the scope of employment). In *Texas and Pac. Ry. v. Jones*, 298 F.2d 188 (5th Cir. 1962) the injured employee was not performing his customary job at the time of the injury; he was assisting a fellow employee in his assigned task. In affirming a jury verdict for the plaintiff, we held the proper test for scope of employment in an FELA case to be whether the act was one which the employer might reasonably have foreseen and which the employee might reasonably have thought necessary in the interest of or in the benefit of the employer.

Under these interpretations, it is clear that the Act did not require that Fowler actually be engaged in his duties at the time of injury; had the injury occurred while he was eating his lunch on company premises, he would have been covered, as this activity is customarily engaged in by all employees working an eight-hour shift and is incidental to the employment. Moreover, the act is reasonably foreseen by the employer. Here, however, the trial judge found that the motorcycle excursion was a purely private activity totally unrelated to the employment[3] and denied recovery under the reasoning of *Atchison, T. & S. F. R. Co. v. Wottle*, 193 F.2d 628 (10th Cir. 1952).

We agree with the Tenth Circuit that: [G]iven its most liberal interpretation, 45 U.S.C. § 51 cannot be extended to cover activities not necessarily incident to or an integral part of employment in interstate commerce. It obviously does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his employment.

*Atchison*, 193 F.2d at 630.

Under the facts of this case, we find that as a matter of law Fowler was not covered under 45 U.S.C. § 51. Accordingly, the district court's grant of summary judgment to the defendant is AFFIRMED.

**3.** Appellants do not contend that Fowler's duties required him to use a motorcycle or that said vehicle bore any relation to his job as a clerk; thus there was no factual dispute to be resolved.