BOBST, Appellant,

v.

NORFOLK SOUTHERN CORPORATION, Appellee, et al.

[Cite as *Bobst v. Norfolk Southern Corp.* (1990), 66 Ohio App.3d 688.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890114.

Decided June 6, 1990.

*Michael J. Hammons* and *Eric D. Jackstadt,* for appellant.

*Bloom & Greene Co., L.P.A.,* and *Stephen M. Yeager,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Charles Bobst, appeals from the trial court's entry of summary judgment in favor of defendant-appellee Norfolk Southern Corporation, on plaintiff's claim brought pursuant to the Federal Employers' Liability Act ("FELA"), Section 51 *et seq.,* Title 45, U.S. Code. We affirm the trial court's judgment.

The record reveals that on January 13, 1985, plaintiff was working as a conductor for Norfolk Southern on a train bound for Cincinnati. The train arrived at approximately 8:00 a.m. Plaintiff was then transported by a company-hired vehicle to Howard Johnson's Motor Lodge–East, to begin an eight-hour rest period that is mandated by Section 62, Title 45, U.S. Code. According to plaintiff, Norfolk Southern had contracted with defendant High Ridge Motel Company, the owner of the Howard Johnson's motel, to provide lodging for Norfolk Southern crews during their rest periods. After checking into the motel, plaintiff decided to walk to a nearby McDonald's restaurant for breakfast. En route to the restaurant, plaintiff slipped and fell on snow and ice covering a sidewalk and was injured.

On May 6, 1986, plaintiff filed this lawsuit against Norfolk Southern based upon FELA and against High Ridge based upon common-law negligence. Defendants filed a single motion for summary judgment, which the trial court granted on January 23, 1989. Plaintiff's appeal goes only to Norfolk Southern, his single assignment of error asserting that summary judgment was erroneously granted in favor of Norfolk Southern.

FELA imposes upon a railroad the duty to use ordinary care to provide a safe place to work for its employees, even when the employees are required to go onto the premises of a third party over which the railroad has no control. *Shenker v. Baltimore & Ohio RR. Co.* (1963), 374 U.S. 1, 7, 83 S.Ct. 1667, 1672, 10 L.Ed.2d 709, 714. Specifically, to recover under FELA a plaintiff must prove (1) that defendant is a common carrier by railroad

engaged in interstate commerce; (2) that the injured person was employed by defendant with duties furthering such commerce; (3) that the injuries were sustained while the claimant was so employed; and (4) that the injuries were the result of negligence of the defendant company. *Fowler v. Seaboard Coastline RR. Co.* (C.A.5, 1981), 638 F.2d 17; Section 51, Title 45, U.S. Code.

■ Norfolk Southern does not take issue with the first two elements of proof, and concedes on appeal that plaintiff was acting within the course and scope of his employment when he was injured; it argues only that it did not breach any duty of care owed to plaintiff. We agree.

Considering the negligence aspect of an FELA claim, the United States Supreme Court held in *Missouri Pacific RR. Co. v. Aeby* (1928), 275 U.S. 426, 430, 48 S.Ct. 177, 179, 72 L.Ed. 351, 354, as follows:

"No employment is free from danger. Fault or negligence on the part of petitioner may not be inferred from the mere fact that respondent fell and was hurt. She knew that it had rained and that the place was covered with ice and snow. * * * It is a matter of common knowledge that almost everywhere there are to be found in public ways and on private grounds numerous places in general use by pedestrians that in similar weather are not materially unlike the place where respondent fell. Under the circumstances, it cannot reasonably be held that failure of petitioner to remove the snow and ice violated any duty owed to her. * * * "

Similarly, in this case plaintiff stated in his deposition that the temperature at the time of his fall was about twenty degrees, that he was fully aware of the presence of a natural accumulation of ice and snow on the sidewalk, and that he knew the area was icy and slippery. Based upon the undisputed facts in the record and consistent with the reasoning of *Aeby, supra,* we hold reasonable minds can only conclude that Norfolk Southern did not violate any duty owed to plaintiff.[1] Accordingly, the single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Utz, P.J., Klusmeier and Hildebrandt, JJ., concur.

---

1. We disagree with plaintiff's argument that *Aeby, supra,* is distinguishable because it relied on the doctrine of assumption of risk, which was abolished by the 1939 amendment to FELA. *Aeby* held only that since the employer violated no duty owed to the employee, it was not negligent. *Id.,* 275 U.S. at 430, 48 S.Ct. at 179, 72 L.Ed. at 354.