Donald **ROSTOCKI**, Plaintiff–Appellant,

v.

**CONSOLIDATED RAIL CORPORATION**, Defendant–Appellee.

No. 1003, Docket 93–7906.

United States Court of Appeals, Second Circuit.

On Submission Feb. 10, 1994.

Decided March 21, 1994.

Marc H. Goldberg, Albany, NY (McClung, Peters and Simon, of counsel), for plaintiff-appellant.

Robert M. Schimpf, Albany, NY (Taylor, Schimpf and Matalavage, of counsel), for defendant-appellee.

Before: LUMBARD, MINER, and McLAUGHLIN, Circuit Judges.

LUMBARD, Circuit Judge:

Donald Rostocki appeals from a judgment of the District Court for the Northern District of New York, Cholakis, *Judge,* granting summary judgment to defendant Consolidated Rail Corporation ("Conrail"). The district court held that Rostocki could not sustain his claim for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (1988), because he failed to allege any evidence that he was engaged in interstate commerce at the time of the accident. We reverse.

Most of the facts material to this appeal are not in dispute. Rostocki was employed by Conrail for about twenty years as a rail car inspector in the railroad's receiving yard in Selkirk, New York. Rostocki inspected and repaired rail cars, which were then joined into trains and sent to other destinations.

On or about December 27, 1990, Rostocki was hospitalized due to a blockage in an artery. When Rostocki left the hospital approximately five days later, his physician told him to relax at home pending further examination. Consequently, Rostocki did not return to work, and was placed on "disability status."

On January 9, 1991, while on disability status, Rostocki drove to the rail yard in Selkirk to pick up his paycheck for wages earned before he entered the hospital. Rostocki stated in his affidavit that during his twenty years at Conrail, he always picked up his paycheck at the general yard office or at the car shop in the rail yard. According to Rostocki, this was the standard procedure because Conrail required all employees to sign for their checks personally.

Upon entering the rail yard, Rostocki drove toward the general yard office. While Rostocki was stopped at a stop sign, a Conrail employee backed a company van into Rostocki's car, injuring Rostocki. Rostocki has not since returned to work, and about May 1992 he entered disability retirement.

Rostocki initiated this action in the district court, claiming damages under section 388 of the New York State Vehicle and Traffic Law and under FELA. On June 24, 1993, the court granted summary judgment to Conrail on the FELA claim. The court held that Rostocki failed to meet a necessary element of a FELA cause of action because he presented no evidence showing that his actions on the day of the accident were "in the furtherance of, or directly affecting, interstate commerce." On August 23, 1993, Con-

rail moved to dismiss the state law claim for lack of subject matter jurisdiction. On August 27, the district court dismissed that claim with the consent of both parties.

We must decide whether Rostocki suffered his injury "while he [was] employed by [Conrail] in [interstate] commerce." FELA provides, in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . .
>
> Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

45 U.S.C. § 51 (1988). The district court held that recovery under this section is limited to plaintiffs who, at the time of injury, were engaged in employment activities furthering or directly affecting interstate commerce. We disagree.

■ The second paragraph of § 51 provides that an employee is entitled to FELA benefits if "any part" of the employee's duties furthers or "in any way directly or closely and substantially" affects interstate commerce. 45 U.S.C. § 51 (1988). Congress added this paragraph in 1939 in order to overturn a Supreme Court precedent that limited FELA benefits to employees engaged in interstate commerce at the moment of injury. *Reed v. Pennsylvania R.R.*, 351 U.S. 502, 504, 76 S.Ct. 958, 960, 100 L.Ed. 1366 (1956); *Southern Pac. Co. v. Gileo*, 351 U.S. 493, 496–99, 76 S.Ct. 952, 955–57, 100 L.Ed. 1357 (1956). Therefore, Rostocki need not show that he was engaged in interstate commerce at the time of injury. "Rather, the crucial question is whether *any part* of [Rostocki's] duties as a railroad employee fur-

thers interstate commerce or in any way directly or closely and substantially affects such commerce." *Southern Pacific*, 351 U.S. at 499, 76 S.Ct. at 957 (emphasis added).

In determining whether any part of Rostocki's duties furthered or affected interstate commerce, we view the evidence in the light most favorable to him. *See Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992). Rostocki's affidavit and deposition testimony indicate that he inspected and repaired rail cars used in interstate transportation. This function is "an integral element in the carrier's total operations," and the employees who perform that function "perform duties which are in 'furtherance' of interstate commerce . . . and affect interstate commerce 'directly or closely and substantially.'" *Southern Pacific*, 351 U.S. at 499, 76 S.Ct. at 957.

■ Rostocki therefore is eligible for FELA recovery if he suffered the injury "while he [was] employed" by Conrail. To meet this requirement, an employee need not have been "actually on the job" at the time of injury. *Morris v. Pennsylvania R.R.*, 187 F.2d 837, 841 (2d Cir.1951). FELA covers injuries suffered during activities necessarily incidental to employment, not injuries suffered during activities undertaken "for a private purpose and having no causal relationship" with the employment. *Atchison, T. & S.F. Ry. v. Wottle*, 193 F.2d 628, 630 (10th Cir.), *cert. dismissed*, 344 U.S. 850, 73 S.Ct. 89, 97 L.Ed. 661 (1952).

We cannot say that as a matter of law Rostocki was acting "for a private purpose" at the time of injury. *See Baker v. Texas & Pac. Ry.*, 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959) (per curiam) (allowing court to decide issue as matter of law where reasonable jurors could reach only one conclusion). Getting paid and picking up a paycheck are necessary incidents to employment. Rostocki testified that on the date of the accident, he entered the rail yard solely to get his paycheck for regular wages. He further testified that Conrail required employees to pick up their paychecks at the rail yard. The jury could reasonably find that

Rostocki suffered his injury while he was employed.

The case of *Healy v. Pennsylvania R.R.*, 184 F.2d 209 (3d Cir.1950), *cert. denied*, 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (1951), is instructive. In that case, the plaintiff-employee had purchased war bonds as part of the defendant-employer's payroll deduction program. While on his way to meet with his supervisor concerning a bond, the plaintiff was struck by a rail car. The Court of Appeals for the Third Circuit upheld the jury's finding that the plaintiff was in the course of employment at the time of injury. The court noted that the purchase of bonds and the visit to the supervisor were incidental to employment. *Id.* at 211–12. Likewise, in the instant matter, getting paid and going to pick up a pay check are incidental to employment.

We reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.