**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 31 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

FRANK H. FEICHKO, JR.,

      Plaintiff-Appellant,

v.

DENVER & RIO GRANDE WESTERN
RAILROAD COMPANY; THE SOUTHERN
PACIFIC TRANSPORTATION COMPANY, a
Delaware corporation,

      Defendants-Appellees,

No. 98-4154

---

Appeal from the United States District Court
for the District of Utah
(D.C. No. 95-CV-1068)

---

John J. Rossi of Rossi, Cox, Kiker & Inderwish, Aurora, Colorado (Janet
Stansberry Drake of Rossi, Cox, Kiker & Inderwish, Aurora, Colorado; and
Richard I. Ashton of Ashton, Braunberger & Boud, Sandy, Utah, with him on the
briefs), for Plaintiff-Appellant.

Casey K. McGarvey (E. Scott Savage with him on the briefs) of Berman, Gaufin,
Tomsic, Savage & Campbell, Salt Lake City, Utah, for Defendants-Appellees.

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **EBEL**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Frank H. Feichko originally brought this action in state court against his employer, the Denver & Rio Grande Western Railroad (D&RGW), and the Southern Pacific Transportation Company (SP) for injuries he sustained while he was standing in a parked D&RGW locomotive that was struck by a moving SP locomotive. Mr. Feichko asserted three claims against each defendant, seeking damages under the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51 *et seq.*, the Boiler Inspection Act (BIA), 45 U.S.C. §§ 23 *et seq.*,[1] and common law negligence.

Defendants removed the case to federal district court and moved for partial summary judgment. Mr. Feichko moved to remand on the ground that the first two claims were not removable under 28 U.S.C. § 1445(a), which prohibits the removal of FELA claims filed in state court. The district court dismissed the FELA and BIA claims against D&RGW and all claims against SP as a matter of law, and then denied the motion to remand.[2] After extended discovery, the court granted D&RGW's motion for summary judgment on the remaining common law

---

[1] The events giving rise to this lawsuit took place in January 1993. Subsequently, the BIA was repealed and recodified without substantive change as 49 U.S.C. § 20701. *See* Pub.L. No. 103-272, 108 Stat. 745 (1994). This opinion will refer to the BIA as it was codified in 1993.

[2] The district court granted summary judgment for SP on the ground that Mr. Feichko was not an employee of SP. Mr. Feichko does not challenge this ruling on appeal and therefore we do not address it. Thus, only D&RGW is properly before this court as an appellee.

negligence claim.  *See Feichko v. Denver & Rio Grande Western R.R.*, 13 F. Supp.2d 1212 (D. Utah 1998).  Mr. Feichko appeals and we affirm.


**I**

In January of 1993 Mr. Feichko, a locomotive engineer for D&RGW, came to the D&RGW property on his day off to look for a checkbook he thought he might have left there during the previous day's shift.  He was directed to two D&RGW workmen who were cleaning locomotives.  They told him they had not seen the checkbook and suggested he look in the parked engines.  Mr. Feichko did so.  While he was on board one of the parked engines, a moving locomotive collided with it, knocking him into the control stand and console and causing him serious injuries.  The moving engine was owned by SP and operated by D&RGW employees at the time of the accident.

Mr. Feichko sought recovery under the FELA, contending that his employer breached its statutory duty to provide him a reasonably safe place to work, safe equipment, and safe procedures.  He also claimed under the BIA for breach of the statutory duty to maintain the brakes of the moving locomotive in a safe condition.  Finally, Mr. Feichko asserted claims of common law negligence, alleging that defendants violated their statutory duties under the above acts and were negligent in their operation of the moving locomotive and in failing to warn

him that the collision was imminent.

Defendants removed the case to federal district court under 28 U.S.C. § 1441(b), which provides for the removal of cases where the federal court has original jurisdiction on the basis of diversity of citizenship.[3] Mr. Feichko moved to remand the action to state court, arguing that it was not removable under 28 U.S.C. § 1445(a), which provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under [the FELA] may not be removed to any district court of the United States." *Id.*[4]

The federal district court determined that Mr. Feichko had failed to establish the elements of a claim under either the FELA or the BIA and that he had failed to show he was an employee of SP. The court then ruled that since neither the FELA nor the BIA claims could stand, those claims need not be remanded. The court further held that the common law negligence claim was properly removed and was not subject to remand. In a subsequent ruling, the

---

[3] Section 1441(b) provides that when original federal jurisdiction is based on diversity of citizenship, the action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Mr. Feichko was a citizen of Utah. Defendant D&RGW was a Delaware corporation with its principle place of business in Colorado, and SP was a Delaware corporation with its principle place of business in California. The requirements for removal under section 1441(b) were thus met.

[4] The BIA does not create an independent cause of action for personal injuries, and such an action must therefore be brought pursuant to the FELA. *See Urie v. Thompson*, 337 U.S. 163, 188-89 & n.30 (1949); *O'Loughlin v. National R.R. Passenger Corp.*, 928 F.2d 24, 26 n.3 (1st Cir. 1991).

-4-

court granted summary judgment for D&RGW on Mr. Feichko's negligence claim, concluding that D&RGW owed him no duty under the circumstances.

On apeal, Mr. Feichko contends that material issues of fact exist regarding whether his claim falls within the scope of the federal statutes, and that the district court improperly decided disputed issues of fact in granting summary judgment on his common law negligence claim. Although Mr. Feichko did not raise the denial of his motion to remand, we were concerned that the matter might present a question of subject matter jurisdiction. We therefore directed the parties to submit supplemental briefing on whether this case was properly removed in view of section 1445(a) and, if not, whether we have subject matter jurisdiction to consider the case. As discussed below, we are satisfied that federal subject matter jurisdiction is present. Moreover, our review of the merits persuades us the district court's disposition was correct.

## II

The district court addressed Mr. Feichko's motion to remand together with defendants' motion for summary judgment. The court granted the defendants partial summary judgment, concluding on the undisputed facts that Mr. Feichko was not acting within the scope of his employment at the time of his injuries and that his claims under the FELA and the BIA were therefore not sustainable as a

matter of law. The court also denied the motion to remand, notwithstanding section 1445(a), based on its ruling that neither statutory claim could stand.

In his supplemental brief, Mr. Feichko contends the court erred in reaching the merits because removal of a FELA case is barred by section 1445(a). Defendants maintain that denial of the motion to remand was proper under these circumstances, pointing to cases holding that such a denial is permissible when the district court determines that the plaintiff's claims are baseless in law and fact. *See Yawn v. Southern Ry.*, 591 F.2d 312 (5th Cir. 1979); *Aldredge v. Baltimore & Ohio R.R.*, 20 F.2d 655 (8th Cir. 1927). These holdings are premised on the notion that a defendant seeking removal may "pierce the pleadings" of a lawsuit asserting claims that are ostensibly barred by section 1445(a) to show that the claims have been fraudulently pled to avoid removal. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175-76 (5th Cir. 1995) (reviewing action under Jones Act, which incorporates provisions of FELA, including section 1445(a) removal bar). Courts applying this exception to section 1445(a), however, have recognized the tension between a defendant's right to demonstrate the baseless nature of a claim and a plaintiff's right to choose a state court forum. *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207-08 (5th Cir. 1993) (holding district court should have remanded case because defendants failed to meet burden of demonstrating that Jones Act claim was "undisputedly false"); *see also Burchett*, 48 F.3d at 176

-6-

(cautioning against pretrying a case to determine removal jurisdiction). These courts have not always drawn a bright line between assessing whether a statutory claim is so legally baseless as to constitute a fraudulent attempt to prevent removal and assessing whether the plaintiff has merely failed to state a claim, a determination otherwise committed to the state courts.

We acknowledged in *Chacon v. Atchison, Topeka & Santa Fe Ry.*, 320 F.2d 331 (10th Cir. 1963), that a fraudulent attempt to evade removal may provide an exception to the operation of section 1445(a), but we concluded that the exception did not apply in that case.

> [I]t is settled law that a civil action brought in a state court of competent jurisdiction against a railroad company subject to the act to recover damages for personal injuries is not open to removal to the district court of the United States solely on the ground of diversity of citizenship. And in the absence of any issue of a fraudulent attempt to evade removal, the question whether an action instituted in the state court is one under the act is to be determined by reference to the allegations contained in complaint or petition, as the case may be.

*Id.* at 332 (citations omitted). We need not decide here whether the district court improperly resolved the merits of a claim committed to the state courts instead of remanding the matter. As we discuss below, we hold that a removal barred by section 1445(a) does not in these circumstances present a matter of subject matter jurisdiction. The issue of improper removal was therefore waived by Mr. Feichko's failure to raise it on appeal.

We have held as a general matter that

-7-

> where a suit of which the United States Court may entertain original jurisdiction is instituted in the state court and the defendant obtains its removal, even though the removal is irregular, defective, or unauthorized, and plaintiff acquiesces in such removal by seeking relief from the United States Court, that court acquires jurisdiction of the subject matter.

*American Oil Co. v. McMullin*, 433 F.2d 1091, 1094 (10th Cir. 1970) (quoting *Parks v. Montgomery Ward & Co.*, 198 F.2d 772, 774 (10th Cir. 1952)); *see also Donahue v. Warner Bros. Pictures, Inc.*, 194 F.2d 6, 10 (10th Cir. 1952) (when suit over which federal district court would have original jurisdiction is brought in state court and defendant obtains wholly unauthorized removal, federal court acquires jurisdiction when plaintiff acquiesces by seeking relief from federal court); *Lopata v. Handler*, 121 F.2d 938, 940 (10th Cir. 1941) (same). Although these cases are not of recent vintage, current authority indicates they are still good law and are applicable here.

The Supreme Court has addressed similar factual circumstances in several opinions. In the most recent of these, a case originally filed in state court asserting personal injury claims under state law was removed to federal court at a time when complete diversity of citizenship did not exist. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). A prompt remand motion was denied, the nondiverse parties were thereafter dismissed, and the case proceeded to trial and judgment. The appellate court vacated the judgment, concluding that, absent complete diversity at the time of removal, the district court lacked subject matter

-8-

jurisdiction.

The Supreme Court reversed, holding that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Id.* at 471. The Court recognized that "the statutory flaw" caused by the defendant's failure to meet the requirements for removal remained in the history of the case even though complete diversity was subsequently obtained and subject matter jurisdiction was therefore established before trial commenced. *Id.* at 475. The Court concluded, however, that adherence to the rules Congress prescribed to preserve a plaintiff's choice of forum was outweighed by "considerations of finality, efficiency, and economy." *Id.* at 476.

> In this case . . . no jurisdictional defect lingered through judgment in the District Court. To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.

*Id.* at 477.

We note that in *Caterpillar*, unlike the instant case, the plaintiff raised the propriety of removal on appeal and argued that he had done all he could to preserve the choice of forum provided him by federal statute. The Court nonetheless felt that these considerations were overcome by the fact that the court had subject matter jurisdiction at the time of judgment, and by concern for

-9-

judicial economy. We believe the same balance should be struck here, particularly in view of the fact that Mr. Feichko did not renew his challenge to removal on appeal and instead sought relief from the district court rulings in this court.

The Court in *Caterpillar* discussed two earlier cases, *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699 (1972) and *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). The Court found these cases helpful and they likewise shed light on our inquiry. In *Grubbs*, although the plaintiff did not move to remand, the Court of Appeals sua sponte concluded that the removal was not authorized by statute and that the case should therefore be remanded to the state court in which it had originated. The Supreme Court disagreed and concluded that so long as the district court had jurisdiction at the time it entered judgment, the validity of the removal procedure could not be raised for the first time on appeal. *See Grubbs*, 405 U.S. at 700.

> Longstanding decisions of this Court make clear . . . that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

*Id.* at 702.

In *Finn*, 341 U.S. 6, the Court similarly referred in dicta to prior cases decided by it and by circuit courts

which uphold judgments in the district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of trial or judgment, the federal court would have had cognizance of the case. This circumstance was relied upon as the foundation of the holdings.

*Id.* at 16-17 (footnote omitted).

In our view, *Caterpillar*, *Grubbs*, and *Finn* all indicate that removal in violation of a statutory provision does not deprive a federal district court of subject matter jurisdiction so long as the court would have had original jurisdiction over the case had it been filed there in the first instance. *See Belcufine v. Aloe*, 112 F.3d 633, 638 (3d Cir. 1997) (relying on *Grubbs* and *Caterpillar* in holding that removal in violation of statute is not jurisdictional and therefore waivable when cause of action could have been brought originally in federal court); *Barbara v. New York Stock Exch. Inc.*, 99 F.3d 49, 55-56 (2d Cir. 1996) (relying on *Grubbs* and *Finn* for same proposition). Indeed, two other circuits have expressly held that a removal in violation of section 1445(a) is a waivable non-jurisdictional defect when the federal court could have exercised subject matter jurisdiction had the case originally been brought there. *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc); *Carpenter v. Baltimore & Ohio R.R.*, 109 F.2d 375, 379-80 (6th Cir. 1940).

In line with the authorities cited above, we likewise hold that removal in violation of section 1445(a) may be waived by a plaintiff, either by a failure to move the district court to remand, as was the case in *Grubbs*, or by a failure to raise the matter on appeal, as in the instant case, so long as the district court would have had jurisdiction had the case originally been filed there. Accordingly, we have jurisdiction over this appeal.

**III**

The district court granted defendants' motion for summary judgment on the statutory claims, concluding as a matter of law that Mr. Feichko had not made the requisite showing that his injuries occurred while he was acting within the scope of his employment or in furtherance of the railroad's interests. On appeal, Mr. Feichko argues that the FELA constitutes broad remedial legislation which the district court failed to construe liberally, and that whether the accident occurred within the scope of his employment is a disputed fact issue that should be decided by a jury.

The FELA provides a remedy for

> any person suffering injury while he is employed by [a common carrier by railroad] in [interstate] commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, . . . or other equipment.

45 U.S.C. § 51. Recovery under the FELA is thus permitted only if the employee's injury occurred while he was employed by the railroad, which in turn requires a showing that "the plaintiff was injured in the scope of his employment." *Smith v. Medical & Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997). Railroad employment has been broadly interpreted to extend not only to acts required by the employer, but also to those acts necessarily incidental to the employment. *See, e.g.*, *Rostocki v. Consolidated Rail Corp.*, 19 F.3d 104, 106 (2d Cir. 1994) (FELA covers injuries suffered during activities necessarily incidental to employment); *Wilson v. Chicago, Milwaukee, St. Paul, & Pac. R.R.*, 841 F.2d 1347, 1355 (7th Cir. 1988) (act could be within scope of employment if a necessary incident of the day's work).

This circuit and others have nevertheless held that even "given its most liberal interpretation, the Act cannot be extended to cover activities not necessarily incident to or an integral part of employment in interstate commerce. It obviously does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his employment." *Atchison, Topeka & Santa Fe Ry. v. Wottle*, 193 F.2d 628, 630 (10th Cir. 1952); *see also Smith*, 118 F.3d at 419 (citing *Wottle*); *Rostocki*, 19 F.3d at 106 (same); *Wilson*, 841 F.2d at 1355 (same). The district court here applied *Wottle* and concluded that Mr. Feichko "was not acting within the scope of his employment pursuant to

-13-

any duties or in furtherance of the railroad's interest when the injuries were sustained." Aplt. App. at 97. The court held that Mr. Feichko's search for his missing checkbook was an activity with a private purpose having no causal relationship with his employment, that the search was not done under the direction and authority of the employer, and that the employer could not have reasonably foreseen the search and did not benefit from it.

Mr. Feichko contends the district court erred in making this determination as a matter of law, asserting that the question must be decided on its particular facts and citing cases in which the issue was presented to the jury. The cases Mr. Feichko cites are all distinguishable because they contain factual disputes material to the issue of whether the activity resulting in the injury was for a purely private purpose or was incidental to the plaintiff's employment. Here the material facts are not disputed. They reveal that Mr. Feichko was pursuing a purely private activity which was not incidental to his employment and which provided no benefit to his employer.[5] Accordingly, the district court properly

---

[5] Mr. Feichko asserts for the first time on appeal that he had been called to work on the day of the accident and was on the railroad's property in response to that call. In support of this assertion, he offers a statement he made in a deposition taken almost ten months after the court granted summary judgment to defendants on the FELA and BIA claims. Mr. Feichko's argument is unacceptable. First, the argument and evidence were not before the district court at the time it ruled on the summary judgment motion. In reviewing a grant of summary judgment, our inquiry is limited to the summary judgment record before

(continued...)

granted summary judgment to defendants on the statutory claims.[6]

In a subsequent ruling, the district court granted summary judgment for D&RGW on Mr. Feichko's common law negligence claim, holding that Mr. Feichko was a licensee under Utah law and that the railroad owed him no duty under the circumstances. *See Feichko*, 13 F. Supp.2d at 1214-15. The court pointed out that Utah has adopted the RESTATEMENT (SECOND) OF TORTS § 341 (1965), under which a landowner owes no duty of care to a licensee who knows the nature of the activities conducted on the land and the manner in which they are conducted. *Id.* at 1214 (quoting § 341 cmt. a). The court concluded as a matter of law that Mr. Feichko, as an experienced railroad engineer, had the requisite knowledge, and rejected his argument that he did not assume the risk

---

[5](...continued)
the district court when the motion was decided. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 & n. 4 (10th Cir. 1993) (citing cases). We reject Mr. Feichko's contention that we should make an exception to this rule in the interest of preventing injustice. He has offered no explanation for his failure to present this evidence to the district court by way of affidavit in response to defendants' motion for summary judgment. Moreover, the deposition statement is ambiguous as to whether Mr. Feichko was in fact called to work on Sunday, the day before the accident, or on Monday, the day of the accident. Under these circumstances, we see no reason to depart from our caselaw by considering this newly offered evidence in assessing the propriety of the summary judgment granted on the statutory claims.

[6] Because the BIA is considered in substance an amendment to the FELA and enforced under that Act, *see Urie v. Thompson*, 337 U.S. 163, 188-89 (1949), Mr. Feichko's failure to establish that he was acting within the scope of his employment at the time of the accident is dispositive of his claim under both statutes.

-15-

that the railroad would conduct its activities negligently. The court held that adopting Mr. Feichko's construction of the landowner's duty to a licensee "would effectively eliminate the traditional rules limiting recovery on the part of such licensees by applying a negligence standard any time negligence might have occurred." *Id.* at 1215.

Mr. Feichko asserts that the district court erred by assuming the extent of his knowledge and by in effect ruling that he should have anticipated the negligent conduct of the railroad. We disagree. The Utah courts have followed the RESTATEMENT (SECOND) OF TORTS, under which a property owner's duty to a person injured on his property is determined by that person's status on the property as either an invitee, a licensee, or a trespasser. *See Pratt v. Mitchell Hollow Irrigation Co.*, 813 P.2d 1169, 1172 (Utah 1991); *Tjas v. Proctor*, 591 P.2d 438, 441 (Utah 1979). Mr. Feichko does not dispute the fact that his status at the time of his injury was that of a licensee. Section 341 of the Restatement governs the liability of a landowner to a licensee for activities conducted on the land and provides:

> A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,
>      (a) he should expect that they will not discover or realize the danger, and
>      (b) they do not know or have reason to know of the possessor's activities and of the risk involved.

-16-

RESTATEMENT (SECOND) OF TORTS § 341.

The comments to that section provide additional guidance on its

application, stating:

> If a [licensee] knows of the nature of the activities conducted upon
> the land and the manner in which they are conducted, he has all that
> he is entitled to expect, that is, an opportunity for an intelligent
> choice as to whether or not the advantage to be gained by coming on
> the land is sufficient to justify him in incurring the risks involved.

*Id.* cmt. a. Significantly, the commentary further provides:

> The possessor, therefore, is not required either to refrain from or to
> give warning of activities dangerous to the licensee if they are, to the
> knowledge of the licensee, so customarily carried on upon the land
> that the licensee should be on the alert to discover and avoid them.

*Id.* cmt. d.

It is undisputed that Mr. Feichko was an experienced railroad engineer who

knew the activities customarily carried on in a railroad yard and the risks those

activities presented. Indeed, the D&RGW safety rules and Mr. Feichko's own

statements establish that he knew collisions such as the one at issue here regularly

occur in the course of railroading activity.[7] We agree with the district court that

---

[7] In a statement recorded after the accident, Mr. Feichko admitted that he had been involved in other impacts during his railroad career. *See* Aplt. App. at 52. He further stated by deposition that he had seen collisions that had knocked windows open, water off water coolers, and cars onto the ground. *See id.* at 152. He also testified that he had been involved in situations in which he had applied the brakes in a locomotive and the engine had slid, and that he had been on an engine that slid in the cold snow as had apparently happened in the accident at

(continued...)

-17-

Mr. Feichko's argument would, contrary to the express language of the

Restatement and its commentary, render a landowner liable to a licensee for

negligence despite the licensee's knowledge of the nature of the landowner's

activity and the risk involved.[8]  Section 341 and its commentary clearly provide

that a landowner owes no duty to a licensee to conduct his activities with

reasonable care if the licensee knows the nature of those activities and the risks

involved.  Accordingly, we conclude that summary judgment was properly granted

against Mr. Feichko on his common law negligence claim.

In sum, we **AFFIRM** the judgment of the district court.

---

[7](...continued)
issue.  *See id.* at 158-61.

[8] Mr. Feichko cites numerous cases in support of his argument, all of which
are factually distinguishable.  His reliance on *Kurn v. Stanfield*, 111 F.2d 469 (8th
Cir. 1940), is misplaced.  There the plaintiff brought an action under the FELA
for injuries he sustained while acting as an employee.  The case thus says nothing
about a railroad's duty to a licensee. *Marchello v. Denver & Western Rio Grande
R.R.*, 576 F.2d 262 (10th Cir. 1978), and *Madison v. Deseret Livestock Co.*, 574
F.2d 1027 (10th Cir. 1978), are likewise inapposite as both considered the
application of section 342 of the Restatement, which addresses dangerous
conditions rather than the dangerous activities covered by section 341.  In any
event, section 342 applies only when "the licensees do not know or have reason to
know of the condition and the risk involved." RESTATEMENT (SECOND) OF TORTS
§ 342(c). *Connor v. Union Pac. R.R.*, 972 P.2d 414 (Utah 1998), addresses the
application of a narrow exception to RESTATEMENT (SECOND) OF TORTS § 334
under which a landowner may owe a duty of care to an habitual trespasser.  It thus
does not address the circumstances here.  Other cases cited by Mr. Feichko are
similarly unpersuasive as they involve a landowner's duty to trespassers or a
railroad's duty to employees.