## Knisely v. Consolidated Rail Corporation

C.P. of Cumberland County, no. 99-3184.

*G. Sander Davis,* for plaintiff.
*Craig J. Staudenmaier,* for defendant.

BAYLEY, *J.,* March 1, 2001—Plaintiff, Earl Knisely, filed an amended complaint against defendant, Consolidated Rail Corporation, seeking damages for injuries he alleges he incurred when he slipped and fell on Conrail's property on January 18, 1999. Count I is a cause of action under the Federal Employers' Liability Act, 45 U.S.C. 51. Count II is a cause of action under common-law negligence. Defendant filed a motion for a partial summary judgment on the FELA claim. The issue was briefed and argued on February 14, 2001.

In *Washington v. Baxter,* 553 Pa. 434, 441, 719 A.2d 733, 737 (1998), the Supreme Court of Pennsylvania set forth the standard for a motion for summary judgment under Pa. Rules of Civil Procedure 1035.1-1035. 5: "we must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 143-45, 615 A.2d 303, 304 (1992). In order to withstand a motion for summary judgment, a non-moving party 'must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996). Finally, we must stress that summary judgment will be granted only in those cases which are free and clear from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991)."

For plaintiff to recover under FELA, he must prove that (1) defendant is a common carrier by railroad engaged in interstate commerce; (2) he was employed by defendant with duties furthering such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries were the result of the negligence of defendant. 45 U.S.C. §51. Conrail argues that the undisputed facts show that when plaintiff fell on January 18, 1999, he was on its premises solely for the purpose of

conducting union business. Therefore, it argues that he was not acting within the scope of his employment or in furtherance of its business which precludes him from a recovery under FELA.

Plaintiff argues that there is evidence in the record to show that he was injured when he got out of his vehicle and slipped and fell on ice in the parking lot of defendant's Enola rail yard. At the time, he was employed by defendant as a trainman. He was also the local chairman for the United Transportation Union, a local union representing all of the trainmen employed by defendant at the Enola facility. When he fell he was off duty but he was going to a building in the Enola facility in which Conrail provided him with a bulletin board and mailbox for use by his union. Plaintiff testified in a deposition that he always went to that building for an hour to an hour and a half before a union meeting, which he was going to later on January 18, and "all the guys in my Local know that I go there . . . ." He testified that most of the time he conducted union business there, both before and after union meetings. As to the day he fell, plaintiff testified:

"I don't truly remember any particular person I was supposed to talk to but I can't remember any time that I didn't have something working, that I didn't have to talk to somebody in that building to take care of whatever the problem was."

Plaintiff testified that he conducted union business at the facility:

"Because I see a lot of the individual there, I see a lot of management there, which is where I have to get the problem solved, if I have a problem."

He further testified:

"I do help to keep the railroad running smoothly by administering to the minor problems that always develop between workers and the company . . . I have always considered the work that I have done in that building was in the interest of and benefiting Conrail . . . ."

## DISCUSSION

FELA provides at 45 U.S.C. §51:

"Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . .

*"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."* (emphasis added)

Congress added the second paragraph of section 51 to FELA in 1939 to circumvent a decision of the United States Supreme Court that had limited benefits to employees engaged in interstate commerce at the moment of injury. *Reed v. Pennsylvania Railroad,* 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366 (1956).

In *Rostocki v. Consolidated Rail Corporation,* 19 F.3d 104 (1994), plaintiff, an employee of Conrail, while on disability status, drove to defendant's rail yard to pick up a paycheck for wages he had earned before going on disability. The United States Court of Appeals for the Second Circuit concluded:

"We cannot say that as a matter of law Rostocki was acting 'for a private purpose' at the time of injury. See *Baker v. Texas & Pac. Ry.,* 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959) (per curiam) (allowing court to decide issue as matter of law where reasonable jurors could reach only one conclusion). Getting paid and picking up a paycheck are necessary incidents to employment. Rostocki testified that on the date of the accident, he entered the rail yard solely to get his paycheck for regular wages. He further testified that Conrail required employees to pick up their paychecks at the rail yard. The jury could reasonably find that Rostocki suffered his injury while he was employed." *Rostocki,* 19 F.3d at 106-107.

In *Fowler v. Seaboard Coastline Railroad Co.,* 638 F.2d 17 (1981), plaintiff, an employee of defendant railroad, was killed on the railroad's property during working hours on an enforced paid lunch break. Plaintiff and another employee in turn rode plaintiff's motorcycle down the road and back across a bridge to the parking lot. As plaintiff was returning from his ride and approaching the bridge he failed to negotiate a curve onto the bridge. His estate brought a suit under FELA maintaining that the death resulted from the negligence of the

railroad in improperly constructing and maintaining the bridge where the accident occurred. Citing cases, the United States Court of Appeals for the Fifth Circuit noted that "[s]cope of employment has been interpreted to encompass acts incidental to the employment as well as the actual work." *Id.* at 20. The court concluded that the proper test for scope of employment in a FELA case is: "[w]hether the act was one which the employer might reasonably have foreseen and which the employee might reasonably have thought necessary in the interest of or in the benefit of the employer." *Id.*

The court held: "[i]t is clear that the Act did not require that [plaintiff] actually be engaged in his duties at the time of injury; had the injury occurred while he was eating his lunch on company premises, he would have been covered, as this activity is customarily engaged in by all employees working an eight-hour shift and is incidental to the employment. Moreover, the act is reasonably foreseen by the employer. Here, however, the trial judge found that the motorcycle excursion was a purely private activity totally unrelated to the employment and denied recovery . . . . [The Act] cannot be extended to cover activities not necessarily incident to or an integral part of employment in interstate commerce. It obviously does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his employment." *Id.*

In the present case, defendant relies on *Lafferty v. Pennsylvania Railroad Company,* 124 F. Supp. 324 (E.D. Pa. 1954). In *Lafferty,* the plaintiff instituted an action

under FELA alleging that she was injured while an employee of the railroad when she was assaulted by her supervisor. The incident occurred while plaintiff was attending a union meeting on railroad property. She was not on a tour of duty, and was at the meeting in a purely representative capacity on behalf of her union. The United States District Court for the Eastern District of Pennsylvania concluded that plaintiff's "[a]ctivities were not part of her work for the railroad, nor necessary to its performance but were an activity undertaken for a private purpose . . . . It follows, therefore, both as a fact and as a conclusion of law that plaintiff at the time of the alleged injury was not on her employer's premises as a necessary incident to discharge of the duties of her employment within the contemplation of the Federal Employers' Liability Act."[1] *Id.* at 327.

The district court did not discuss the 1939 amendment to section 51 of FELA. It did not analyze the facts in terms of what plaintiff's employer might reasonably have foreseen, and what plaintiff might reasonably have thought necessary in the interest of or in the benefit of her employer.

In *Southern Pacific Co. v. Gileo,* 351 U.S. 493, 76 S.Ct. 952, 100 L.Ed. 1357 (1956), the Supreme Court of the United States stated that the amendatory language to FELA "[m]akes it plain that if a railroad employee either furthers interstate commerce in the performance of any

---

1. See also, *Hill v. Gulf, Mobil & Ohio Railroad Co.,* 238 Miss. 811, 120 So.2d 157 (1960).

part of his duties or in any way 'directly or closely and substantially' affects commerce," the employee is covered by FELA. *Id.* at 499. Since 1951, the Railroad Labor Act has required that all interstate railroads allow for "union shop" agreements that require that its employees be members of unions as a condition of employment. 45 U.S.C. §152, Eleventh; annot. This requirement promotes permanent conferencing and negotiation between carriers on the one hand and employees through their unions on the other hand. *International Association of Machanist v. Street,* 367 U.S. 740, 6 L.Ed.2d 1141, 81 S.Ct. 1784 (1961).

Given these circumstances, and not being bound by *Lafferty v. Pennsylvania Railroad, supra,* we conclude that a jury question is presented in the within case. The facts here are more akin to those in *Rostocki v. Consolidated Rail Corporation, supra,* than to those in *Fowler v. Seaboard Coastline Railroad Co., supra.* Although he was not on duty, if plaintiff was injured on defendant's property while proceeding to attend to his claimed union activities, it is for a jury to determine whether (1) that might reasonably have been foreseen by Conrail, and (2) plaintiff might reasonably have thought his acts as necessary in the interest of or in the benefit of Conrail. If the answer to both of these questions is yes, plaintiff's claim comes within the ambit of FELA as incidental to his employment. Otherwise, it does not.

## ORDER

And now, March 1, 2001, the motion of defendant, Consolidated Rail Corporation, for partial summary judgment on plaintiff's FELA count, is denied.