GRUBBS, dba T. R. GRUBBS TIRE & APPLIANCE
v. GENERAL ELECTRIC CREDIT CORP.

No. 71–257.   Argued March 23, 1972—Decided April 18, 1972

Rehnquist, J., delivered the opinion for a unanimous Court.

*Bill J. Cornelius* argued the cause for petitioner.   With him on the brief was *J. R. Cornelius.*

*Hubert D. Johnson* argued the cause and filed a brief for respondent.

Mr. Justice Rehnquist delivered the opinion of the Court.

Petitioner recovered a money judgment against respondent in the United States District Court for the

Eastern District of Texas, and respondent appealed to the United States Court of Appeals for the Fifth Circuit. That court held the District Court lacked jurisdiction of the case, and reversed the judgment with instructions that the case be remanded to the Texas state court whence it had been removed. This Court granted certiorari, 404 U. S. 983. We have concluded that, whether or not the case was properly removed, the District Court did have jurisdiction of the parties at the time it entered judgment. Under such circumstances the validity of the removal procedure followed may not be raised for the first time on appeal, and we accordingly reverse the judgment of the Court of Appeals.

In September 1964 respondent General Electric Credit Corp. (GECC) commenced a lawsuit against petitioner Grubbs by the filing of a petition in the Texas state trial court. The petition sought recovery upon a promissory note claimed to have been previously executed by petitioner to GECC in the principal sum of some $66,000. Two years later, petitioner Grubbs filed an amended answer and "cross-action," seeking damages from respondent and from the General Electric Co. (GE) by reason of alleged slander, conversion, and conspiracy in restraint of trade.[1] GE appeared in the state court in answer to petitioner's cross-action against it, and respondent likewise filed an answer.

The following year, petitioner filed a second amended answer and cross-actions, one of which included the United States as an added party defendant. The basis asserted by petitioner for naming the United States as a party was the fact that the latter held an out-

---

[1] The business relationship of the parties was as follows. Grubbs was a franchised dealer for GE. GECC provided financing for customers of Grubbs who purchased GE products.

standing judgment against petitioner, as did several of his other creditors, and petitioner prayed the state court to determine priorities among the judgment liens. Responding to the gathering momentum of this long-dormant lawsuit, the United States then filed in the United States District Court for the Eastern District of Texas a petition for removal of the action to that court "for trial and determination upon the merits of all issues or claims therein, as is provided by Title 28, Section[s] 1444, 1441 (c) and 1446."

All of the parties treated the effect of the removal petition as placing before the District Court not only the claim by petitioner against the United States for adjudication of lien priorities, but also respondent's claim against petitioner on the promissory note and petitioner's claim for damages against respondent based on conspiracy to restrain trade and tortious interference with business relations.

At no time following the filing of the removal petition by the United States did respondent, by motion to remand or otherwise, object to the District Court's taking jurisdiction of the entire "action." In that court, the United States answered petitioner's cross-action and filed its own "cross-action" against respondent and GE, asserting that the latter two had maliciously interfered with the contractual relationship between petitioner and the United States, and seeking damages as a result of this alleged wrong.

The case was ultimately tried to the District Court without a jury. That court held against respondent on its promissory-note claim, held in favor of petitioner on his claim against respondent for tortious interference, and awarded $20,000 damages thereon, and dismissed the claims of petitioner and the United States against GE and the claim of the United States against respondent. The court further found that it was unable to

determine the priority of liens as between the various parties. Judgment was accordingly entered in favor of petitioner Grubbs and against respondent GECC in the amount of $20,000, and providing that the remaining parties take nothing by their actions.

GECC appealed to the Court of Appeals, which on its own motion questioned the jurisdiction of the District Court. After calling for supplemental briefs on the issue, the Court of Appeals decided that the only conceivable basis for jurisdiction of the action in the District Court was the removal by the United States purportedly in accordance with 28 U. S. C. § 1444. That court held, however, that petitioner's "interpleader" of the United States and other parties for a determination of priority of judgment liens was a spurious basis for joining the United States as a party defendant under 28 U. S. C. § 2410. Therefore, in the view of that court, the provisions of 28 U. S. C. § 1444, authorizing removal by the United States of an action brought under 28 U. S. C. § 2410, were not available to the Government. Concluding, thus, that the removal had not been authorized by statute, the Court of Appeals decided that there was no other basis for the District Court's jurisdiction of the action, and that the case should be remanded to the state court in which it had originated.

Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court. In *Baggs* v. *Martin,* 179 U. S. 206 (1900), a receiver appointed by a federal court was sued in state court and removed the action to the federal court that

appointed him. Following judgment on the merits, the receiver sought reversal of the judgment on the ground that the case was not properly removable from the state court. Since the federal court that had earlier appointed the receiver would have had original jurisdiction of an action against him, this Court held that he could not then object to the removal of the case when removal had come as a result of his own action.

*Mackay* v. *Uinta Development Co.*, 229 U. S. 173 (1913), dealt with an action that had been commenced in the Wyoming state court between two citizens of different States. Plaintiff's claim was for less than the jurisdictional amount, but defendant's counterclaim exceeded the jurisdictional amount. The case was re-removed to federal court without objection by either party, and there tried on the merits. When the losing party later sought to upset a judgment against him on the merits because of failure to comply with the removal statutes, this Court rejected the claim, saying:

> "[R]egardless of the manner in which the case was brought or how the attendance of the parties in the United States court was secured, there was presented to the Circuit Court a controversy between citizens of different States in which the amount claimed by one non-resident was more than $2,000, exclusive of interest and costs. As the court had jurisdiction of the subject-matter the parties could have been realigned by making Mackay plaintiff and the Development Company defendant, if that had been found proper. But if there was any irregularity in docketing the case or in the order of the pleadings such an irregularity was waivable and neither it nor the method of getting the parties before the court operated to deprive it of the power to determine the cause." *Id.*, at 176–177.

Applying this doctrine to the case before us, we note that the parties concede in their briefs that petitioner is a citizen of Texas, and that respondent and GE are citizens of New York for purposes of diversity jurisdiction. This concession is supported by excerpts from discovery proceedings included in the record. Respondent GECC in its pleading initiating the action in the state trial court sought recovery of $66,000 from petitioner Grubbs; Grubbs in his state court cross-action sought recovery of $25,000 from respondent. There was thus diversity jurisdiction in the Federal District Court under 28 U. S. C. § 1332 if the action had been brought in that court originally.

In *American Fire & Casualty Co.* v. *Finn,* 341 U. S. 6 (1951), this Court held that the rule enunciated in *Baggs* v. *Martin, supra,* had no application to a case where at the time of judgment citizens of the same State were on both sides of the litigation. There the state court plaintiff had joined two insurance carriers and their local agent in an action to recover for a fire loss. *Finn* held that the dispute between the plaintiff and the insurance carriers was not a "separate and independent claim or cause of action" under 28 U. S. C. § 1441 (c), and that therefore removal of the action to a federal court by one of the carriers was unauthorized by statute. Since complete diversity did not obtain even as of the date of judgment, and since there was no other basis for federal jurisdiction, this Court reversed the judgment of the Court of Appeals, which had held the case properly removable.

In this case there were, of course, parties other than petitioner, respondent, and GE, both at the time of removal and at the time of judgment. Indeed, the case might be said to abound in parties. Petitioner in his "cross-action" against the United States for determination of lien priorities asserted a claim against an addi-

tional party that had virtually no relationship to the claim or relief sought by petitioner against respondent, or that sought by respondent against petitioner.[2]

While, of course, Texas is free to establish such rules of practice for her own courts as she chooses, the removal statutes and decisions of this Court are intended to have uniform nationwide application. "Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." *Shamrock Oil Corp.* v. *Sheets,* 313 U. S. 100, 104 (1941). The rule enunciated in *Baggs* v. *Martin, supra, Mackay* v. *Uinta Development Co., supra,* and *American Fire & Casualty Co.* v. *Finn, supra,* likewise lays down a doctrine that is intended to have uniform nationwide application. However many parties, cross-claims, or indeed lawsuits Texas practice may permit to be joined in one "case" or one "action," the requirement of *Finn* was applied in the context of a two-sided lawsuit. We conclude that the requirement that jurisdiction exist at the time of judgment, stated in that case, is satisfied here where the District Court had jurisdiction to render judgment as between the plaintiff-counter-defendant, the defendant-counterclaimant, and the additional counter-defendant. It would serve no

---

[2] Petitioner's state court cross-action against the United States was by its terms based on "Rule 22 of the U. S. Rules of Civil Procedure." However, under Fed. Rule Civ. Proc. 22, a defendant seeking interpleader must frame his pleading either as a cross-claim seeking relief against a co-party already in the lawsuit, or as a counterclaim seeking relief against the plaintiff. If the defendant states a claim seeking relief against such a co-party or plaintiff-counter-defendant, he may seek to bring in additional parties under the joinder provisions of Rule 20. But the interpleader provided by Rule 22 must have some nexus with a party already in the case. As noted above, petitioner's interpleader claim sought no relief against any other party in the action.

purpose to require that in order to sustain jurisdiction in such a case, the prevailing party in the original two-sided litigation must go further and show that there was likewise jurisdiction as to virtually unrelated claims that the state court had permitted to be joined in the same lawsuit.

Finding that the necessary jurisdiction did exist, we reverse the judgment of the Court of Appeals and remand the case to that court for consideration of respondent's appeal on the merits.

*Reversed and remanded.*