**Doris RUSSELL, Plaintiff-Appellant,**

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE CO., Celia Stevenson, Defendants-Appellees.**

No. 81–5879.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1985.

Brad N. Baker, Baker & Burton, Hermosa Beach, Cal., for plaintiff-appellant.

Richard T. Davis, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants-appellees.

## ORDER

Before FLETCHER, PREGERSON, and REINHARDT, Circuit Judges.

This case was removed from state court pursuant to 28 U.S.C. § 1441. Summary judgment was entered by the district court without any party objecting to removal. As a result, we do not determine the propriety of removal, but need only determine "whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).[1] The Supreme Court has ruled that appellant's complaint does not state a federal cause of action, — U.S. —, 105 S.Ct. 3085, 87 L.Ed.2d 96, and appellee has conceded that complete diversity does not exist. Thus, the federal district court would not have had original jurisdiction over the case had it been filed in that court.

Accordingly, we vacate our prior judgment and opinion, 722 F.2d 482, and remand this case to the district court with instructions to vacate its prior judgment and remand the case to the state court from which it was removed.

---

1. The principle announced by the Supreme Court in *Grubbs* applies regardless of whether the state court had jurisdiction over the matter when it was originally filed. The *Grubbs* rule has been specifically adopted by this circuit in cases where the merits are reached and determined on a motion for summary judgment. *Stone v. Stone,* 632 F.2d 740 (9th Cir.1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981) (citing cases).