**BOND STREET ASSOCIATES, LTD., Plaintiff,**

v.

**AMES DEPARTMENT STORES, INC., Zayre Central Corp., Defendants.**

**The United States Life Insurance Company in the City of New York, Additional Defendant on Counterclaim for Interpleader.**

**No. 94 Civ. 4394 (LMM).**

United States District Court, S.D. New York.

Feb. 2, 1995.

Samuel Kirschenbaum, Kirschenbaum & Kirschenbaum, P.C., Garden City, NY, for Bond Street Associates, Ltd.

Luc A. Despins, Skadden, Arps, Slate, Meagher & Flom, New York City, for Ames Dept. Stores, Inc., Zayre Central Corp.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

Plaintiff, Bond Street Associates, Ltd. ("Bond Street"), moves for reconsideration of this Court's Memorandum and Order dated October 24, 1994, reported at 174 B.R. 28 (S.D.N.Y.1994). The motion for reconsideration is granted. For the reasons stated below, upon reconsideration, the Court adheres to its original Order.

### I.

This action was filed in state court, removed to the Eastern District of New York,

transferred to this Court, and referred to the Bankruptcy Court. On the eve of trial, the Bankruptcy judge dismissed Bond Street's complaint with prejudice pursuant to Fed. R.Civ.P. 16(f) and 37(b) as a sanction for the delinquent behavior of Bond Street's attorneys.

Following dismissal, and three years after removal, Bond Street appealed to this court challenging the adequacy of the removal petition. Bond Street correctly pointed out that the only basis alleged in the removal petition, diversity, was defective in that the parties were never diverse. However, rather than remanding the action to state court, the Court upheld the decision of the Bankruptcy Court by finding subject matter jurisdiction in the facts alleged in the Complaint. 174 B.R. at 31. Bond Street contends that the Court was not authorized to find an alternative basis for removal.

## II.

[W]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

*Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

The essence of *Grubbs* is not to ensure that there be a "trial on the merits" but rather to conserve judicial resources and promote efficiency.[1] *See Knop v. McMahan,* 872 F.2d 1132, 1139 (3d Cir.1989) (The cases "are grounded in sound principles of judicial efficiency and economy."); *Chivas,* 864 F.2d at 1287 ("The *Grubbs* 'waiver' rule springs from concerns for judicial economy.").

Four Circuits now recognize that the reasoning in *Grubbs* applies on appeal from decisions for summary judgment. *Able v. Upjohn, Inc.,* 829 F.2d 1330, 1334 (4th Cir.

1987); *Farina v. Mission Inv. Trust,* 615 F.2d 1068 (5th Cir.1980); *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 798–99 (9th Cir. 1987); *Borg–Warner Leasing v. Doyle Elec. Co.,* 733 F.2d 833, 835 n. 2 (11th Cir.1984). *But see LeCrone v. Pierce,* 868 F.2d 190 (6th Cir.1989) (denying application of *Grubbs* to an appeal from a decision for summary judgment.). The Sixth Circuit also refused to apply *Grubbs* after an action was dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *Chivas Prods. Ltd. v. Owen,* 864 F.2d 1280, 1286–87 (6th Cir.1988). In *Chivas,* the Court held that there had not been sufficient investment by either the parties or the court to warrant application of the *Grubbs* "waiver" rule. 864 F.2d at 1287.

In a case more directly on point, the Court of Appeals for the Ninth Circuit held that *Grubbs* did not apply when the complaint was dismissed pursuant to Fed.R.Civ.P. 41(b) as a sanction for failure to prosecute. *Dyer v. Greif Bros., Inc.,* 766 F.2d 398, 401 (9th Cir.1985). However, in that case there had been no discovery and little development of the case following the removal. *Id.*

The cases recognize that even in the absence of a trial, there will be situations where the same considerations of judicial economy and efficiency, and fairness to the litigants will counsel against a remand. This is one of those situations. The Bankruptcy Court judge did not dismiss the action until three years after the action was filed and only after discovery was completed and the case readied for trial. Dismissal with prejudice pursuant to Rule 37 may not always merit application of the rule in *Grubbs,* but when it comes three years after removal and after discovery has been completed, *Grubbs* will apply.

The Court adheres to its original order.

SO ORDERED.

---

1. Bond Street also argues that it objected to removal and that judgment on the merits was never entered, however the Court finds otherwise. First, Bond Street's objections went to the jurisdiction of the Bankruptcy Court, not to the propriety of removal. Def.Br. at 7 n. 2. Second,

dismissal with prejudice pursuant to Fed.R.Civ.P. 37 constitutes an adjudication on the merits. Fed.R.Civ.P. 41 ("Unless the Court in its order for dismissal otherwise specifies, a dismissal ... not provided for in this rule, ... operates as an adjudication upon the merits.")