92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randolph D. HILL, Sr., Plaintiff-Appellant,
v.
Richard KIRKLAND, Washoe County 1-10 Does, Defendants-Appellees.
 No. 95-17313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1996.
Decided July 23, 1996.
 
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 ORDER
 The appellant appeals the district court's order denying his request for a preliminary injunction to bar enforcement of N.R.S. §§ 211.241 to 211.249, which he contends is unconstitutional on its face. We dismiss the appeal for lack of jurisdiction.
 Counsel acknowledged at oral argument that Hill had not been deprived of good time and had not been required to reimburse the county for the costs of his incarceration. Hill has suffered no injury, and any threat of injury is highly speculative.[1] Accordingly, we conclude that he cannot show that he is in danger of sustaining an injury that is both real and immediate. Since no class has been certified, there is no other plaintiff before the court who can make the requisite showing. Thus we conclude that we lack jurisdiction to hear this appeal. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).
 Once a district court has issued a judgment on the merits, a court of appeals must determine whether the district court had jurisdiction at the time it issued its judgment in order to decide whether jurisdiction was proper. Grubs v. General Electric Credit Corporation, 405 U.S. 699, 705 (1972). Hill was released from jail two weeks before the district court filed its order denying his request for preliminary injunctive relief, in fact even before the parties had fully briefed the merits of his request for a preliminary injunction. Since at the time the district court acted Hill was not in danger of sustaining an injury that was both real and immediate, the district court lacked jurisdiction to reach the merits of his motion for injunctive relief. Lyons, 461 U.S. at 101. As noted previously, no class had been certified. Hill had not been deprived of good time, and the county had not attempted to compel him to reimburse it for the cost of his incarceration. Accordingly, we direct that the district court's order of November 13, 1995 order be vacated.
 
 
 1
 DISMISSED with directions to VACATE.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Counsel has recently informed us that Hill has received a bill for the cost of incarceration. The county, however, has apparently not taken any legal steps in an effort to collect from him, and it is not clear that the county intends to do so. In fact, Hill's attorney notified us that Hill has left the county in order to avoid the possibility of legal action by the county. Accordingly, any threat of actual injury remains speculative