**In re: Julia Ann ROGERS Debtor.**

**Julia Ann Rogers, Appellant,**

v.

**California Federal Bank, Appellee.**

No. 00–16683.

BAP No. NC–99–01521–RKMa.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2000.*

Decided April 4, 2001.

Before WRIGHT, CHOY, and FERGUSON, Circuit Judges.

MEMORANDUM **

Julia Ann Rogers ("Rogers") appeals from the Bankruptcy Appellate Panel's ("BAP") affirmation of the Bankruptcy Court, which had dismissed her complaint against California Federal Bank ("CalFed") for failure to state a claim. Her complaint alleged conspiracy, intentional infliction of emotional distress, wrongful disclosure, conversion, abuse of process, and interference with contractual interest, all in connection with CalFed's foreclosure on a property during an automatic stay that was retroactively annulled by the Bankruptcy Court. She claims on appeal that the Bankruptcy Court erred in annulling the automatic stay and that it lacked jurisdiction over the present complaint. We disagree and affirm the Bankruptcy Court's dismissal of her claim.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## I. Revisiting the Annulment

■ Rogers asks this court to reconsider the Bankruptcy Court's annulment and to reinstate the automatic stay. She argues that CalFed failed to establish the extreme circumstances that would justify a retroactive annulment, and that the doctrine of "clean hands" should have prevented CalFed from benefitting from the annulment.

The annulment of the stay is not properly before this court. Although orders granting relief from an automatic stay are final orders, appealable to the Court of Appeals, 28 U.S.C. § 158(d); *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir.1997), Rogers did not appeal the Bankruptcy Court's order granting relief from the stay. Instead, she filed a complaint in state court claiming that CalFed violated the stay. That complaint is at issue in this case, not the preceding annulment of the automatic stay, and Rogers's request to reconsider the Bankruptcy Court's annulment is not properly before this court.

## II. Validity of Removal

■ Rogers also argues that the Bankruptcy Court lacked jurisdiction to consider the current complaint. She claims, first, that CalFed waived its right to remove the case to federal court, and second, that the Bankruptcy Court lacked subject matter jurisdiction.

Rogers did not raise the issue of improper removal before the Bankruptcy Court. In her reply brief, she justifies her conduct by stating that she is allowed to challenge jurisdictional issues on appeal. Although she is correct that subject matter jurisdiction can be raised at any time, *see De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir.2000), objections to removal defects must be raised within thirty days after the filing of notice of removal. 28 U.S.C. § 1447(c); *No. Cal. Dist.*

*Council of Laborers v. Pittsburgh–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).

■ Because Rogers did not object to removal before the Bankruptcy Court, we only need to consider whether the Bankruptcy Court would have had original jurisdiction. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1311 (9th Cir. 1997). Rogers contends that the Bankruptcy Court lacked subject matter jurisdiction because whether a debtor has an interest in property is determined by state law. *See In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1099 (9th Cir.1997). However, her complaint alleged a violation of the automatic stay, which is governed by federal law. *See* 11 U.S.C. § 362(h). Federal courts have subject matter jurisdiction over cases arising under Title 11. *See* 28 USCA § 1334. The Bankruptcy Courts in particular have jurisdiction. *See* 28 U.S.C. § 157. Thus, the Bankruptcy Court properly exercised jurisdiction over this case.

AFFIRMED.