**IT IS FURTHER ORDERED** that Plaintiffs Conditional Motion to Transfer is **GRANTED.** [Doc. 19]

**IT IS FINALLY ORDERED** that, pursuant to 28 U.S.C. §§ 1406(a) and 1631, the Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California.

### ORDER OF TRANSFER

Pursuant to the Memorandum and Order entered this date and incorporated herein,

**IT IS HEREBY ORDERED** that this case is transferred to the United States District Court for the Central District of California.

**Robert L. VANDERLINDEN, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, Defendant, Counter–Claim Plaintiff and Third–Party Plaintiff,**

v.

**Estate of Loretta A. Vanderlinden, Shane Vanderlinden, and Amanda Vanderlinden, Third–Party Defendants.**

**No. 4:00CV0062.**

United States District Court, D. Nebraska.

April 23, 2001.

Dana C. Bradford, III, Bradford, Coenen Law Firm, Onaha, NE, David S. Houghton, Lieben, Whitted Law Firm, Omaha, NE, for plaintiff and third party defendants.

Thomas E. Johnson, Heidi A. Guttau–Fox, Baird, Holm Law Firm, Omaha, NE, for defendant, counter–claim plaintiff, and third–party plaintiff.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on defendant Metropolitan Life Insurance Company's "second motion for leave to deposit proceeds with the registry of the court and to dismiss MetLife with prejudice," as filed on February 27, 2001 (filing 37), and on defendant's "unopposed renewed second motion" for the same relief, as filed on April 11, 2001 (filing 42). Because I find that defendant is not entitled to interpleader under Fed.R.Civ.P. 22, both motions will be denied.

### Background

This action originated in the District Court of Douglas County, Nebraska, on January 4, 2000. Plaintiff, Robert L. Vanderlinden, alleged in the state court petition that he is the beneficiary under a $100,000 group life insurance policy that defendant, Metropolitan Life Insurance Company (MetLife), issued with respect to plaintiff's deceased wife, Loretta A. Vanderlinden, who was shot to death on August 12, 1999, and that MetLife has wrongfully refused to make payment.

On January 28, 2000, MetLife removed the action to federal court, based upon federal question jurisdiction under 28 U.S.C. § 1331 (as a claim governed by the Employee Retirement System Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 to 1461, because the policy at issue is an employee welfare benefit plan), or, alternatively, based upon diversity jurisdiction under 28 U.S.C. § 1332. After obtaining several extensions of time to plead, MetLife, on May 1, 2000, filed an "answer, interpleader counterclaim, and third-party

complaint in interpleader" (filing 11). The answer alleges, among other affirmative defenses, that plaintiff's state-law claim is preempted by ERISA,[1] that plaintiff has failed to exhaust his administrative remedies, and that plaintiff is a suspect in the death of his wife and therefore may be precluded from recovering benefits under the provisions of Neb.Rev.Stat. Ann. § 30–2354 (Michie 1995)[2] or under federal common law.

In its counterclaim, MetLife seeks to obtain interpleader pursuant to Fed. R.Civ.P. 22, and alleges that it is or may be exposed to multiple liability because of potential claims by the decedent's estate and by the couple's two (adult) children, Amanda and Shane Vanderlinden. The estate and the two children have also been brought into the action by means of MetLife's "third-party complaint in interpleader." Waivers of service of summons, signed by Amanda Vanderlinden (filing 25), Shane Vanderlinden (filing 24), and plaintiff, Robert L. Vanderlinden, as the personal representative of the estate (filing 23), were filed on October 19, 2000.

On October 20, 2000, MetLife filed a motion (filing 28) seeking leave to deposit the insurance proceeds of $100,000, plus interest, with the registry of the court, and also requesting that it be dismissed from the action with prejudice. On December 13, 2000, the court received a "response to

defendant's motion for leave to deposit proceeds," signed by D.C. Bradford, as attorney for plaintiff and all third-party defendants, which stated that none of these parties had any objection to MetLife's motion.[3] On that same date, however, the estate and the Vanderlinden children, through attorney Bradford, filed a joint answer to the third-party complaint (filing 31), in which they specifically denied being claimants or potential claimants to the insurance proceeds. Plaintiff's answer to the counterclaim, also signed by attorney Bradford and filed on December 13, 2000 (filing 30), likewise denied MetLife's interpleader allegations.

In a memorandum and order entered on December 19, 2000 (filing 32), I denied MetLife's motion on the basis of the filed answers to the counterclaim and the third-party complaint, which suggest that interpleader is not appropriate in this case. As I then explained, if MetLife were to be dismissed from the action, there would be no adverse parties and no case or controversy for the court to decide.

On February 27, 2001, MetLife filed a second motion for the same relief (filing 37), representing that it understood the Vanderlinden children were in the process of obtaining separate counsel, and asserting that such a change in circumstances would entitle MetLife to judgment as a matter of law.[4] Attorney David S. Hough-

---

1. In replying to MetLife's counterclaim, plaintiff has admitted allegations that the life insurance benefits are payable under an employee welfare benefit plan that is governed by ERISA (filing 30, ¶ 1).

2. Section 30–2354(c) provides in relevant part:

   A named beneficiary of a ... life insurance policy ... who feloniously and intentionally kills or aids and abets the killing of ... the individual upon whose life the policy is issued is not entitled to any benefit under ... the policy ..., and it becomes payable as though

such beneficiary has predeceased the decedent.

3. Pursuant to the local rules, the clerk of the court did not file this response, but instead forwarded it to my chambers. *See* NELR 7.1(b)(1).

4. MetLife indicated that it was filing the motion in advance of the changed circumstance in order to comply with the court's scheduling order (filings 17, 36), which required summary judgment motions to be filed 30 days prior to the deposition deadline of March 28, 2001.

ton did, in fact, enter an appearance as counsel for Amanda and Shane Vanderlinden on March 19, 2001 (filing 39), and, on April 10, 2001, filed a separate answer on their behalf (filing 41). In general, such answer responds to the third-party complaint with statements that the third-party defendants "are without knowledge or information sufficient to form a belief as to the truth of the allegations." However, it is specifically stated that Amanda and Shane Vanderlinden "make no claim to the benefits, if any, from the MetLife policy alleged in the Third Party Complaint," and they request that they be dismissed from the action on this basis.

On April 11, 2001, MetLife filed an "unopposed renewed second motion" for interpleader relief (filing 42), and submitted a proposed order, signed and approved by all counsel of record, which would direct MetLife to deposit the insurance proceeds with the registry of the court, and order that MetLife then be dismissed from the action with prejudice. The renewed motion is not accompanied by any additional evidence.

### Discussion

My previous denial of MetLife's request for interpleader relief was not based upon a perceived conflict of interest in attorney Bradford's representation of all other parties. Rather, it was based upon the fact that the pleadings established that such parties are not adverse to each other, and that the only party making any claim to the insurance proceeds is plaintiff, Robert L. Vanderlinden. That situation has not changed with the entry of an appearance by attorney Houghton.

■ In order to be entitled to interpleader relief under Rule 22, MetLife must demonstrate that it "is or may be exposed to double or multiple liability." Although MetLife has alleged that there are or may be competing claims to the insurance proceeds, and has identified the decedent's estate and the Vanderlinden children as potential claimants, these parties have disavowed any interest in the insurance proceeds, and have prayed for dismissal of the third-party complaint.

■ The primary step in an interpleader proceeding concerns the determination of a fundholder's right to compel claimants to litigate their numerous claims in one proceeding and to confine total recovery to an amount not exceeding the deposited fund. *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir.1966). This first stage of interpleader may be initiated by a defendant by way of counterclaim, cross-claim, or third-party claim.[5] See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1714 at 625 n. 2 (3d ed.2001).

> During the first [step or stage of interpleader] the court determines the right of the party invoking the remedy to compel the claimants to litigate their

**5.** As a technical matter, however, a claim of this type is not really properly brought under Rule 14(a). See 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1708 at. 569 (3d ed.2001). This is because a third-party defendant in interpleader is not a person "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Also, Rule 22 only refers to a defendant obtaining interpleader "by way of cross-claim or counterclaim." *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 n. 2, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) (noting that under Rule 22, "a defendant seeking interpleader must frame his pleading as a cross-claim seeking relief against a co-party already in the lawsuit, or as a counterclaim seeking relief against the plaintiff," and that "[i]f the defendant states a claim seeking relief against such a co-party or plaintiff-counter-defendant, he may seek to bring in additional parties under the joinder provisions of Rule 20.")

claims to the stake in one proceeding. It is at this point that the court determines whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond. . . .

There is no set procedure for conducting the first stage of interpleader. The issues typically are formulated by motion. In some cases courts have determined whether interpleader should lie as part of a summary-judgment motion or have treated their inquiry into the matter as if it had been presented on a formal motion for summary judgment. The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied. . . .

When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims. Moreover, the order may direct that the interpleader issues be framed by the claimants in their pleadings. When the court decides that interpleader is improper, the proceeding will be dismissed, . . . .

*Id.* at 624–27 (footnotes omitted).

■ Despite the parties' agreement that MetLife should be permitted to deposit the insurance proceeds with the registry of the court, pursuant to Fed.R.Civ.P. 67, and thereupon be discharged from any further liability, the court must decide whether interpleader is a proper procedure in this case. I conclude that it is not, because the requisite showing of potential adverse claimants has not been made. *See Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir.1976) ("Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability.")

■ Even accepting as true MetLife's allegation, made on information and belief, that plaintiff remains a suspect in his wife's murder, it is obvious that the question of plaintiff's entitlement to the insurance proceeds will not be litigated in this action if MetLife is dismissed as a party. The other parties to the action have no legal dispute with each other, and they all request the same relief in their pleadings. Thus, without MetLife there is no case or controversy. *See Financial Guar. Ins. Co. v. City of Fayetteville, Ark.*, 943 F.2d 925, 929 (8th Cir.1991) ("For there to be a case or controversy, a federal court must, at a minimum, be presented with opposing parties representing adverse interests.").

Jurisdictional issues aside, it is not the court's function to act as MetLife's disbursing agent by passing money to plaintiff through the registry. Rule 67 was intended to apply only to a fund that is in dispute. *Baxter v. United Forest Products Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969). Inasmuch as the parties have reached an agreement that plaintiff should receive the insurance proceeds, that his claim against MetLife should be dismissed with prejudice, and that MetLife should be released from any liability to the decedent's estate or the Vanderlinden children, I see no good reason why this litigation cannot be ended by usual means of settlement.

If, however, this matter remains pending as of 3:00 p.m. on May 2, 2001 (the time and date of the scheduled final pretrial conference), and unless MetLife before then is able to demonstrate with ad-

ditional evidence or legal authority its entitlement to interpleader relief, the court *sua sponte* will grant summary judgment in favor of plaintiff on Met-Life's counterclaim and in favor of the third-party defendants on MetLife's third-party complaint.[6] The matter will then proceed to trial only on plaintiff's claim against MetLife, as if brought pursuant to section 502 of ERISA, 29 U.S.C. § 1132.

Accordingly,

IT IS ORDERED that:

1) Defendant MetLife's "second motion for leave to deposit proceeds with the registry of the court and to dismiss MetLife with prejudice" (filing 37) is denied;

2) Defendant MetLife's "unopposed renewed second motion for leave to deposit proceeds with the registry of the court and to dismiss MetLife with prejudice" (filing 42) is denied; and

3) Defendant MetLife is directed to show cause, on or before 3:00 p.m. on May 2, 2001, why the court should not *sua sponte* grant summary judgment in favor of plaintiff on MetLife's counterclaim and in favor of the third-party defendants on MetLife's third-party complaint.

---

**6.** The Eighth Circuit has held that a *sua sponte* grant of summary judgment is appropriate only when the party against whom judgment will be entered is given sufficient advance notice and an adequate opportunity to respond, unless the losing party has failed to state a claim. *See Lindsey v. Jewels by Park Lane, Inc.,* 205 F.3d 1087, 1094 (8th Cir. 2000).