Michael A. FRASCA, Plaintiff,

v.

SHAKER SQUARE CHIROPRACTIC, INC., Defendant.

No. 1:01 CV 2322.

United States District Court,
N.D. Ohio,
Eastern Division.

June 25, 2002.

---

### MEMORANDUM OPINION AND ORDER

BAUGHMAN, United States Magistrate Judge.

### Introduction

In this case the plaintiff, Michael A. Frasca, seeks relief from an employment agreement with defendant, Shaker Square Chiropractic, Inc., containing non-compete and arbitration clauses. Chiropractic has filed a counterclaim to enforce an arbitration award against Frasca. The parties have consented to the jurisdiction of the magistrate judge.[1]

The Court currently has pending before it Chiropractic's motion for judgment on arbitration.[2] As of June 7, 2002, Frasca had filed nothing in response to that motion. Prior to an oral hearing held on June 7, 2002, counsel for Frasca delivered

1. ECF # 10.

2. ECF # 13.

to the Court and to opposing counsel a brief in opposition to the motion and a motion to dismiss for lack of subject matter jurisdiction. The Court discussed this brief and motion with counsel at the hearing and reluctantly granted Frasca leave to file them instanter.[3]

The June 7 hearing raised questions as to the Court's subject matter jurisdiction in this case. Accordingly, the Court ordered Chiropractic to show cause why this case should not be dismissed for lack of subject matter jurisdiction by June 12, 2002.[4] Chiropractic has filed a brief in response to that show cause order.[5] Frasca has filed a response to the show cause brief.[6]

As it relates to subject matter jurisdiction, the Court must decide the following issue:

> For removal of an action from state to federal court based on federal question jurisdiction, the federal question must be presented on the face of a well-pleaded complaint. The complaint here pleads only state law claims. After removal the defendant filed a counterclaim under the Federal Arbitration Act. Does the Court have subject matter jurisdiction based on the federal counterclaim?

The Court concludes that subject matter jurisdiction does not exist over the complaint removed by Chiropractic. That complaint contains only state law claims, and diversity of citizenship does not exist between Frasca and Chiropractic. Because the Court's subject matter jurisdiction must be determined from the complaint, the counterclaim filed under the Federal Arbitration Act does not confer

jurisdiction. Chiropractic removed this case improvidently and without jurisdiction, and, therefore, the case must be remanded to the Cuyahoga County Court of Common Pleas.

### Procedural Background

This case originated as Cuyahoga County Court of Common Pleas Case No. 435350 with a filing of the complaint on April 12, 2001.[7] The complaint asserts state law claims for declaratory relief from a non-competition covenant and arbitration clause in an employment agreement between Frasca and Chiropractic. Chiropractic received service of the summons and complaint by certified mail on April 26, 2001.

Chiropractic commenced arbitration under the employment agreement. The arbitrator conducted a hearing on August 20, 2001, in which Frasca did not participate. On September 13, 2001, the Cuyahoga County Court of Common Pleas entered an order finding that Chiropractic had waived its contractual right to arbitration under the employment agreement and denying a motion to suspend court proceedings pending arbitration. The arbitrator entered an award in favor of Chiropractic on September 19, 2001.[8] On October 4, 2001, Chiropractic removed this case from the Cuyahoga County Court of Common Pleas to this Court.

### Analysis

**1. Applicable law.**

■ 28 U.S.C. § 1441 provides the legal authority for removing certain cases from state court to federal court. To invoke the district court's removal jurisdic-

---

3. ECF # 20. Frasca subsequently filed the brief. ECF # 23.

4. *Id.*

5. ECF # 22.

6. ECF # 24.

7. The docket sheet of the Common Pleas Court appears as part of Exhibit B to Frasca's brief in opposition to motion for judgment on arbitration, ECF # 23.

8. The arbitrator's award is part of ECF # 19.

tion, the removing defendant must demonstrate that the district court has original jurisdiction over the action.[9] Where, as here, the defendant bases removal on federal question jurisdiction, a federal question must be presented on the face of the plaintiff's pleaded complaint.[10]

28 U.S.C. § 1446(b) requires the filing of the notice of removal within 30 days after the defendant's receipt of "the initial pleading setting forth the claim for relief. . . ."

28 U.S.C. § 1447(c) provides that a motion to remand must be made within 30 days after filing of the notice of removal. The statute expressly excepts motions to remand based on lack of subject matter jurisdiction from the 30–day time restriction.

**2. Frasca has waived objections to the timeliness of the removal.**

■ Frasca asserts that Chiropractic did not remove this case within 30 days after the receipt of a copy of the initial pleading as required by 28 U.S.C. § 1446(b). It appears that Chiropractic first received the complaint in this case on April 26, 2001. It did not file its notice of removal until October 4, 2001.

Chiropractic counters that it removed the case within 30 days of the arbitration award that serves as the basis for its claim for enforcement of the award under the Federal Arbitration Act. The Court need not decide if this arbitration award affects the timeliness of the removal. Under 28 U.S.C. § 1447(c) Frasca had 30 days from the date of the filing of the notice of removal to move for remand on the ground of untimeliness. Frasca failed to assert this argument until he filed his brief in

opposition to the motion for judgment on arbitration on June 14, 2002.[11] Frasca, therefore, has waived the argument that Chiropractic failed to timely remove this case.

**3. Chiropractic's counterclaim does not create subject matter jurisdiction.**

■ By the express language of 28 U.S.C. § 1447(c), Frasca did not waive the argument that the Court lacks subject matter jurisdiction by his failure to move for remand within 30 days of the filing of the notice of removal. The Court, therefore, will take up the merits of Frasca's subject matter jurisdiction challenge.

At the time of the removal, the case consisted of the state law claims set forth in Frasca's complaint. That complaint did not present either a federal claim or a state law claim in any way involving the application of federal law. Chiropractic does not argue that the complaint created a basis for removing this case to federal court.

Following the removal, Chiropractic filed a counterclaim seeking enforcement of the arbitrator's award under 9 U.S.C. § 9. Chiropractic argues that this federal counterclaim gives the Court the requisite subject matter jurisdiction.

Removal jurisdiction, however, must be determined from the face of the plaintiff's properly pleaded complaint.[12] In a case substantially similar to this one, *Nolan v. Otis Elevator Company*,[13] the United States District Court for the District of New Jersey determined that a counterclaim asserting a federal cause of action could not save an otherwise defective removal. In *Nolan*, the plaintiff filed a case in New Jersey state court. The district

---

**9.** *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir.2000).

**10.** *Id.* at 758.

**11.** ECF # 23.

**12.** *Long*, 201 F.3d at 757–58.

**13.** 560 F.Supp. 119 (D.N.J.1982).

court found that the complaint stated claims based on state law only.[14] The defendant argued, as Chiropractic does here, that the court should retain jurisdiction over a federal counterclaim. The court refused to find jurisdiction based on the counterclaim.

> Otis also argues that even if the complaint be remanded, jurisdiction should be retained over the counterclaim because it has an independent basis for federal jurisdiction.
>
> \* \* \* \* \* \*
>
> The difficulty with the argument is that it ignores the matter of subject matter jurisdiction. The District Courts are of limited statutory jurisdiction. If a case be removed improvidently and without jurisdiction under the removal statute, no jurisdiction is obtained by the filing of a counterclaim even though it states a federal claim.[15]

This Court finds the reasoning in the *Nolan* case persuasive. At the time of the removal, the only claims asserted in the case were not within the original subject matter jurisdiction of the federal court. The filing of a federal counterclaim after the removal did not cure the defect. This case must return to the Cuyahoga County Court of Common Pleas from whence it came.

Based on the Eleventh Circuit's decision in *Ariail Drug Co., Inc. v. Recomm International Display, Inc.*[16] and the Supreme Court's decision in *Grubbs v. General Electric Credit Corporation*,[17] Chiropractic argues that Frasca waived any objection to removal jurisdiction, which unlike subject matter jurisdiction can be waived.[18]

As an initial matter, neither *Ariail* nor *Grubbs* involve the situation presented here—the removal of a state court complaint outside the original subject matter jurisdiction of the district court and the post-removal filing of a federal counterclaim. If *Ariail* and *Grubbs* have anything to say relating to this case, therefore, it must be by implication.

The language that Chiropractic relies upon from *Ariail* is dicta. Its significance lies in the citation to Grubbs. Contrary to Chiropractic's argument, however, *Grubbs* does not support the proposition that a defendant can defeat a remand by asserting federal claims after removal. Rather, in some circumstances, *Grubbs* provides that a case should remain in federal court if the case as it existed in state court at the time of removal would have been within the original jurisdiction of the district court.

In *Grubbs*, General Electric Credit, a New York corporation, sued Grubbs, a Texas resident, in Texas court on a promissory note for $66,000. In an amended answer with cross-action, Grubbs asserted a claim in tort for $25,000 against Credit and General Electric, also a New York corporation. Thereafter, Grubbs filed a second amended complaint and cross-action interpleading the United States and other creditors for determination of priority of judgment liens.

The United States removed the case to federal district court under 28 U.S.C. § 1444, which permits removal of certain cases affecting property on which the United States claims a lien. The case proceeded to trial without a jury in the district court. The court entered judgment against Credit on the promissory note, for Grubbs against Credit on the tort

---

**14.** *Id.* at 122.

**15.** *Id.* at 123.

**16.** 122 F.3d 930 (11th Cir.1997).

**17.** 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

**18.** 122 F.3d at 933 n. 5.

claims in the amount of $20,000, and against Grubbs on the claims asserted against General Electric and the United States.

On Credit's appeal the Fifth Circuit on its own motion questioned the jurisdiction of the district court. The court held that Grubbs's interpleader of the United States and the other creditors was spurious and that the removal of the case to the district court was improper.

The Supreme Court reversed. It found that the court of appeals should not have revisited the propriety of the removal post-judgment:

> Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but *whether the federal district court would have had original jurisdiction of the case had it been filed in that court.*[19]

It ruled that because diversity of citizenship existed between Grubbs and Credit and GE and the claims asserted exceeded the jurisdictional amount, "[t]here was thus diversity jurisdiction in the Federal District Court under 28 U.S.C. § 1332 if the action had been brought in that court originally."[20]

The rule in *Grubbs* does not appear to apply to the case as postured here because it has not been tried on the merits without objection, and the court has not entered judgment. Nevertheless, making the inquiry provided for by *Grubbs*—"whether the federal district court would have had original jurisdiction of the case had it been filed in that court"—the answer is negative. The case in the state court, unlike that in Grubbs, was not within the original jurisdiction of this Court. Subject matter jurisdiction must be determined from the complaint as it existed at the time of the petition for removal.[21] At the time of the removal of the case in Grubbs, the federal district court would have had original jurisdiction if the case had been filed in that court even though the removal was improper. At the time of the removal here, the state court case was not within the jurisdiction of this Court. Nothing in *Grubbs* supports a rule that a defendant can bestow jurisdiction on the district court by filing a counterclaim based on federal law after a removal.

### Conclusion

Chiropractic improvidently removed this case without jurisdiction. The Court, therefore, hereby orders this case remanded to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

---

**19.** *Id.* at 702, 92 S.Ct. 1344 (emphasis added).

**20.** *Id.* at 704, 92 S.Ct. 1344.

**21.** *Van Meter v. State Farm Fire & Cas. Co.,* 1 F.3d 445, 449–50 (6th Cir.1993); *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir.1991).