United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50341

_____

MAURO VARGAS,

Plaintiff-Appellant - Cross-Appellee,

versus

STONE CONTAINER CORPORATION,

Defendant - Appellee,

RAUL PINION,

Defendant-Appellee - Cross-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 3-02-CV-559-DB)

_____

Before REAVLEY, JONES and GARZA, Circuit Judges.

PER CURIAM:[*]

Mauro Vargas filed this workplace injury suit against the Stone Container

Corporation (hereinafter, "Stone Container") and Paul Pinion.  Stone Container operates a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

corrugated box manufacturing plant, and Paul Pinon is its plant manager. Vargas was employed by D.M. Dickason Personnel Services (hereinafter, "Dickason") and was on assignment at Stone Container on the day he was injured. Vargas was seriously injured when, at Pinon's direction, Vargas entered an unsecured cage that slipped off of a forklift and fell more than thirteen feet to the concrete floor.

Vargas subsequently filed a claim for workers compensation against Dickason, and the claim was accepted. Vargas then filed suit against Stone Container and Pinon in Texas state court, asserting state law claims of negligence. Stone Container and Pinon removed the case to federal court based upon diversity jurisdiction, in spite of the fact that Pinon and Vargas are both citizens of Texas. Vargas responded by filing a motion to remand the case, arguing that the district court lacked subject matter jurisdiction because Pinon's Texas residency destroyed diversity and the amount in controversy did not exceed $75,000. Stone Container and Pinon countered by arguing that the value of Vargas's injury did exceed the statutory minimum, and that Vargas, knowing that he did not have a state law cause of action against Pinon as an individual employee, improperly joined Pinon to destroy diversity.

While the motion to remand was pending, Stone Container and Pinon filed a joint motion for summary judgment, arguing that because Vargas was working as a borrowed servant, they were shielded by the exclusive remedy provision of the TWCA.

The district court eventually denied Vargas's motion to remand, finding that Vargas had no state law cause of action against Pinon and had improperly joined Pinon to

2

destroy diversity. The district court then granted Stone Container and Pinon's motion for summary judgment in favor of Stone Container and Pinon.

Vargas then filed a Rule 59 motion for reconsideration, arguing that the district court erred in holding that Pinon was improperly joined. The district court reconsidered and granted Vargas's motion, but only as to Pinon, finding that Vargas might have state law negligence claims against Pinon as an individual employee, and that Pinon had not been improperly joined. The district court then reasoned that due to the previous summary judgment in favor of Stone Container and the fact that the district court no longer had original jurisdiction over the case, the district court should decline to exercise supplemental jurisdiction over the remaining claims against Pinon. The district court then remanded Vargas's state law negligence claims against Pinon to Texas state court.

Vargas timely appealed, arguing that the district court erred in denying his remand motion as to Stone Container and by granting Stone Container and Pinon's motion for summary judgment. Pinon also appealed the district court's order remanding Vargas's state law negligence claims against him to the state court.

I.

Diversity Jurisdiction

This court must first address the issue of whether the district court had jurisdiction to hear Vargas's suit. The district court originally determined that it did have jurisdiction when it denied Vargas's motion to remand and determined that Pinon had been improperly joined. However, Vargas argues that the district court overturned its previous

3

jurisdictional determination when the district court determined that Pinon was not improperly joined.

This court reviews a district court's determination of federal diversity jurisdiction based solely on a legal question *de novo*.[1] The federal diversity statute, 28 U.S.C. § 1332(a)(2), provides that district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of a state and citizens or subjects of a foreign state. It is well-established that the diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.[2]

When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court, based upon § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought."[3]

If the plaintiff then contests the removal by filing a motion to remand, the district court must immediately address the issue of jurisdiction prior to addressing the merits of

---

[1] Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000).

[2] Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398-99 (5th Cir. 1974)).

[3] 28 U.S.C. § 1441(b).

the case.[4]  The Supreme Court has held that federal courts should not assume without deciding jurisdiction over a claim and then reject it on the merits.[5]  Jurisdiction must be decided first.  The existence of even a single valid cause of action against an in-state defendant requires remand of the entire case to state court.[6]

Acting under the assumption that it had subject matter jurisdiction, the district court granted Stone Container and Pinon's motion for summary judgment.  Vargas's motion for reconsideration of the district court's grant of summary judgment and holding that Pinon was improperly joined was also a challenge to the district court's original jurisdiction to enter such a judgment.  When the district court reconsidered and found that Pinon was not improperly joined, the district court's diversity jurisdiction was destroyed, and its judgment in favor of Stone Container and Pinon should have been vacated.

If a district court lacks subject matter jurisdiction both at the time of removal and at the time it enters a judgment, the judgment cannot stand.[7]  The consequence of the district court's lack of jurisdiction is that the judgment in favor of Stone Container and

---

[4] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998); see Sierra Club v. Glickman, 156 F.3d 606, 613 (5th Cir. 1998).

[5] Steel Co., 523 U.S. at 93-94.

[6] Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 412 (5th Cir. 2004) (citing Green v. Amerada Hess Corp., 707 F.2d 201, 208 (5th Cir. 1983) ("If even one of [the plaintiff's] many claims might be successful, a remand to state court is necessary.")).

[7] Caterpillar Inc. v. Lewis, 519 U.S. 61, 76-77 (1996); see Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 700 (1972).

5

Pinon must be vacated and the entire suit remanded to state court.[8]

## II.

## The Remand Order

Following this same logic — that when the district court remanded Vargas's state law negligence claims against Pinon, the district court vacated its prior judgement in favor of Stone Container and Pinon — this court does not have jurisdiction to review the district court's order remanding Vargas's claims against Pinon.

A remand order on the ground that the district court lacks jurisdiction cannot be reviewed on appeal or otherwise.[9] Pinon argues, however, that the order to remand was issued after a final judgment and is thus subject to review by this court. Section 1447(d) bars only review of remand orders issues under § 1477(c). Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[10] Thus, a remand order issued after entry of final judgment does not fall within the prohibition of § 1447(c).[11] In this case, the district court had not finally disposed of the claim against one party, Pinon, until the Rule 59 motion was decided. The district court therefore lacked jurisdiction both at the

---

[8] Gray, 390 F.3d at 412.

[9] 28 U.S.C. § 1447(d); Hays County Guardian v. Supple, 969 F.2d 111, 124 (5th Cir. 1992).

[10] 28 U.S.C. § 1447(c).

[11] Hayes, 969 F.2d at 124-25.

time of the removal and at the time it entered final judgment.  The remand order was entered prior to a valid final judgment, and thus, cannot be reviewed by this court.[12]

Pinon's appeal is DISMISSED.  The district court's summary judgment in favor of Stone Container and Pinon are VACATED.  The case is REMANDED to the district court with instructions to remand the entire case to state court.

---

[12] See  Hays, 969 F.2d at 124.