**EIJ, INC., dba Beverly Hills Watch Company, a California Corporation, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., an Ohio Corporation; Glenlake Insurance Agency, Inc., a Kentucky Corporation, Defendants–Appellees.**

No. 05–55306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed March 28, 2007.

Tony Forberg, Esq., Law Offices of Tony Forberg, Beverly Hills, CA, for Plaintiff–Appellant.

Ruth N. Borenstein, Esq., Morrison & Foerster, LLP, San Francisco, CA, Gregory B. Koltun, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

This case concerns the liability of United Parcel Service (UPS) and its insurer for a set of valuable watches that EIJ shipped from California to New York via UPS's Next Day Air Service. The February 2, 2002, shipment, which was insured for a declared value of $50,000, was never delivered. EIJ submitted a claim for the lost package, valuing it at $52,900. UPS did not reimburse EIJ on the ground that UPS does not accept or insure packages whose value exceeds $50,000.[1]

The district court granted summary judgment to the defendants, concluding that EIJ's bad faith denial of a claim, failure to deliver freight, and fraud claims are preempted and precluded by federal law and that the defendants prevail on the breach of contract claim because the defendants' refusal to insure or accept liability for packages valued over $50,000 was valid, not waived, and applicable to the disputed shipment.

On appeal, EIJ has abandoned its prior argument that it received inadequate notice of the $50,000 liability limitation. Instead, EIJ argues that none of its claims are preempted by federal law and that summary judgment is inappropriate on the breach of contract claim for two reasons: (a) there is a material dispute of fact over the meaning of the term "value" and whether the February 2 shipment exceeded $50,000 in value, and (b) the defendants waived the otherwise-valid liability limitation.

■ 1. Before turning to the merits of these claims, we explain why the case is properly before us. Contrary to the parties' assertion, at the time of removal the district court did not properly have diversity or, initially, federal question jurisdiction over this case. But, "where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 941 n. 11 (9th Cir.2006) (applying *Grubbs* to a case resolved on summary judgment).[2] This case falls under the *Grubbs* doctrine. In its response to the defendants' motion for summary judgment, EIJ made clear that one independent ground for its breach of contract claim was the allegation that it received improper notice of UPS's liability limitation. *See generally Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir.1997) (considering a plaintiff's response to a summary judgment motion in applying *Grubbs*). Because UPS in this instance acted as an air carrier, *see* 49 U.S.C. § 40102(a)(2), federal common law necessarily governs that theory. *Read–Rite*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. When filed, this case involved two lost shipments: one made on December 19, 2001 and one made on February 2, 2002. Prior to this appeal, however, the parties settled all claims related to the December 19 shipment and thus we discuss only the facts related to the February 2 shipment.

2. The district court granted partial summary judgment to the defendants on the merits of all the state law claims and all claims related to the February 2 shipment. The remaining claims were settled by the parties prior to this appeal.

*Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1197 (9th Cir.1999). Accordingly, the breach of contract cause of action is within the district court's "arising under" federal law jurisdiction.[3] *See generally Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 311, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

Because all of EIJ's claims addressed the same shipment agreement and transaction, the remaining causes of action were within the district court's discretionary supplemental jurisdiction. *See generally* 28 U.S.C. § 1367. We may thus reach the merits of EIJ's claims.

2. We review de novo the district court's grant of summary judgment to "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

We do not consider EIJ's argument on appeal about the meaning of the term "value." EIJ raised this issue for the first time in oral argument before the district court, when UPS and its insurer had no opportunity to develop the relevant evidence. Although the district court mentioned the issue in its opinion, it did not rule on the precise argument that EIJ raises here, about the distinction between "actual value" and "fair market value." The argument was thus not properly raised before that court or this one. *See*

*generally A-1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 339 (9th Cir.1996) (holding that arguments not properly raised to the district court may be considered on appeal when the issue is one of law or the factual record is fully developed); *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir.1989) (holding that an argument is properly before the trial court when it is "raised sufficiently for the trial court to rule on it").

■ EIJ's sole other breach of contract argument on appeal is that the defendants waived their limitation on liability for lost shipments. This argument is unavailing. UPS's Tariff and Rate and Service Guide prohibited shippers from shipping items with a value over $50,000. There is no evidence that UPS *knew* that the package was worth more than $50,000 when it was shipped; the package's declared value was only $50,000. Consequently, acceptance of the package and the fee for insurance cannot evince the intent necessary to waive the contractual provision. *See generally Panno v. Russo*, 82 Cal.App.2d 408, 412–13, 186 P.2d 452 (1947) (holding that waiver "may result from an express agreement or be inferred from circumstances indicating an intent to waive"). The defendants properly applied the $50,000 liability limitation to deny EIJ's claim for the lost watches.

Summary judgment for the defendants is appropriate not only on the breach of contract cause of action, but also on the

---

**3.** EIJ's alternative theory—that UPS waived the contractual limitation—was factually independent of the federal theory, not simply an application of an alternative legal theory to the same facts. *See generally Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (holding that "a claim supported by alternative theories in the complaint may not form the basis for [federal question] jurisdiction unless [federal] law is essential to each of those theories"); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 n. 15, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (holding that the mere fact that a "plaintiff could recover on other, strictly state-law claims" does not preclude federal question jurisdiction).

fraud, bad faith and failure to deliver freight claims. State fraud claims related to air carriers' marketing are precluded by federal law. *See* 49 U.S.C. § 41713(b)(1) (preempting state law related to the "price, route, or service of an air carrier"); *American Airlines v. Wolens,* 513 U.S. 219, 228, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (concluding that the substantively identical predecessor to 49 U.S.C. § 41713(b)(1) preempted a state deceptive practices claim). Whether or not the latter two claims are also preempted is an issue we do not decide. They fail on the merits because they depend on the invalidity or inapplicability of UPS's liability limitation, issues decided adversely to EIJ.

**AFFIRMED.**